## THE PLANTERS' INSURANCE COMPANY VS. C. A. RAY.

1. FIRE INSURANCE POLICY: *Renewal. Agent. Contract to renew.*
   Where an insurance company accepts an application to renew a fire insurance policy, and issues the renewal without the payment of the premium, but upon the representation of the agent that assured is perfectly good, and forwards it to the agent, holding him (the agent) responsible for the premium, it amounts to a contract to insure between the company and the insured.

2. SAME: *Case in judgment.*
   R. insured his building in the Planters' Insurance Company for one year. About the time it expired he called on the agent to renew his insurance for another year. Not having the money with him, but being considered perfectly good for it, the agent accepted the application and forwarded it to the company, stating the facts. The company accepted the application, issued the renewal, and forwarded it to the agent, stating to him that they would hold him (the agent) responsible for the premium. *Held*, that this amounted to a contract between the company and R. to insure his property according to the terms and stipulations of the renewal.

APPEAL from the Chancery Court of *Hinds* County.

Hon. HARVEY R. WARE, Chancellor.

The facts necessary to a full understanding of the case are stated in the opinion of the court.

The overruling of the demurrer to the complainant's bill is assigned for error.

*W. L. Nugent*, for appellant:

Every material fact to which complainant means to offer evidence ought to be distinctly stated. Story's Eq. Pl., §§ 28, 32.

The pleadings in chancery must be as certain as at law.

Warner *v*. Warner, 33 Miss., 547 ; Farr *v*. Farr, 34 ib., 597 ; Presley *v*. Pendleton, 24 ib., 80. The pleadings are to be taken most strictly against the pleader. City of Natchez *v*. Miner, 9 S. & M., 544 ; Carnes *v*. Hubbard, 2 ib., 180.

One of the conditions annexed to the policy is that it is not considered binding until the premium is actually paid. In the case at bar it was not paid. The agent was at liberty to exercise his discretion in the matter. See Hallock *v*. Com. Ins. Co., 2 Dutch., 268 ; 4 Fire Ins. Cases, 195 ; 2 ib., 1 ; 4 ib., 645 ; 5 Barr, 339 ; 2 Fire Ins. Cases, 542.

As to the conditional promise, see Goodall *v*. N. E. Mut. Fire Ins. Co., 5 Fost., 169 ; 3 Fire Ins. Cases 392. After the approval of the application, and payment of the premium, or security for it, the party is insured and may recover for the loss. Fire Ins. Co. *v*. Johnson, 23 Penn. St., 72 ; Myers *v*. Kingston Ins. Co., 27 ib., 268.

The liability attaches where anything remains to be done by the applicant. Real Estate Mut. Fire Ins. Co. *v*. Roesselo, 1 Gray, 336 ; Thayer *v*. Muddley Fire Ins. Co., 10 Pick., 326 ; 5 Barr, 339 ; 17 Iowa, 276 ; 42 Me., 259 ; Fland. on Fire Ins., 122.

*J. A. Brown*, for appellee :

The demurrer assigns three causes : no equity on the face of the bill, premium was never paid, the contract was executory ; and no new points can be raised here for the first time. Mathews *v*. Southern, 10 George, 192 ; Prewitt *v*. Coopwood, 1 ib., 385. The demurrer admits the allegations of the bill, that Ray applied for payment of the loss. It was refused on the single ground that the contract was executory. This waived all other objections. Andulon *v*. Excelsior Ins. Co., 27 Barb., 220 ; Wesling *v*. Noonan, 2 George, 599, 603. The bill alleges concealment of the renewal contract. The demurrer admits it. Niles *v*. Henderson, 5 How., 386 ; Stovall *v*. Bank of Mississppi, 5 S. & M., 20. Bills for discovery and production of documents are never demurrable on the ground that complainant fails to act out the contents of the document, and

the fraudulent concealment of the document gives the court of equity jurisdiction.   Chase v. Washington Mut. Ins. Co., 2 Barb., 600.   Mitf. Ch. Pl., 42, 72, 73–42, marg. ; Story's Eq. Pl., § 529.   The court will retain jurisdiction to grant full relief. Russel v. Clark, 7 Cranch, 89 ; Story's Eq. Jur., § 71 ; Brooks v. Stolby,  3 McLean, 523 ;  Warner v. Daniels, 1 Woodb. & M., 90 ; Trips v. Gould, 15 Me., 82 ; Lyons v. Miller, 6 Gratt., 438 ; Sims v. Aughety, 4 Strobh. Eq., 121.

The contract was complete.   See Sheldon v. Con. Mut. Life Ins. Co., 25 Conn., 218 ;  Bouton v. Am. Ins. Co., ib., 542 ;  Post v. Ætna Ins. Co., 42 Barb., 360, 361.   Prepayment of the premium is not necessary to the preliminary contract to insure.   The charter requiring prepayment refers to policies, and not to preliminary contracts to insure.   Colt v. Ins. Co., 20 Wall., 568 ;  Fland. on Ins., 140–142.   It is true the bill must be construed most strictly against the pleader, yet this rule is applied only when all other rules of construction fail—in cases of hopeless ambiguity.   The meaning of the bill in the case at bar is clear.   There is no room for construction. Broom's Leg. Max., 259 ;  2 Bl. Com., 380 ;  25 Conn., 582.

CAMPBELL, J., delivered the opinion of the court.

Appellee exhibited his bill against appellant, showing that he held a policy of insurance against loss by fire, issued to him by appellant, on a certain building, which risk commenced on the 14th March, 1873, and terminated on the 14th March, 1874, and about the time of the expiration of the policy complainant applied in writing to J. H. Thompson, the general agent of the company at Beauregard, for a renewal of said policy during the term of one year, commencing at noon on the 14th March, 1874, and terminating at noon on the 14th March, 1875.   Complainant at that time not having the money with him to pay the premium, and being regarded as perfectly good for the amount, said agent accepted the application, and wrote to the company, presenting the application and stating the facts ; and said company ratified the action of the agent,

accepted the proposal of C. A. Ray (appellee), and filled out and forwarded the renewal of the insurance to said agent, at the same time informing the said agent by letter that they held him responsible for the premium aforesaid. In November, 1874, the building mentioned was completely destroyed by fire, and was worth $2,000. The policy, held and claimed to have been renewed and in force at the time of the fire, was for $1,200. Notice of the loss was immediately given, and demand made on appellee for delivery of the renewal and payment for the loss, less the amount of the premium, which complainant had not paid, and the amount of which is not stated in the bill. The company refused to comply with complainant's demand for payment, on the "sole ground that said contract of insurance had never been consummated." The company induced the agent (Thompson) to return to it said renewal and letter written by it to said agent. The bill seeks discovery and production of the application for renewal, and of the letter of Thompson which accompanied it, and of the company's letter to him, and of the renewal certificate, and prays specific performance of the contract of insurance and decree for $1,200. There is an alternative prayer and a general prayer for relief.

This bill was demurred to, on the grounds that there is no equity on its face, and it fails to show that the premium was ever paid to the company or its agent, and it shows that the contract for renewal was never executed, but was purely executory. This demurrer having been overruled, the decree was appealed from.

The bill presents a case entitling complainant to recover. The application for renewal of the policy, the statement by the agent to the company of the non-payment by the applicant of the premium, and the issuance by the company of the renewal paper, transmitted to its agent with a letter informing him that it held him responsible for the premium, constitute a contract to insure, as before, for one year, obligatory on the company. Undoubtedly, upon the facts stated, the agent was

legally liable to the company for the amount of the premium, and bound to account to it for it. If he had so accounted, and paid the company that premium, it would not be denied that the company was bound for the renewal. Shall the failure of the company to demand and receive from the agent the premium, for which it held him responsible, discharge it from liability? The instant that a right accrued to the company to demand of its agent the premium, its obligation upon the renewal was irrevocably fixed; for its right to the premium was conditional on its issuance of the renewal. According to the statements of the bill, Thompson, the agent, was responsible to the company for the premium, and Ray was liable to Thompson for it, and this bound the company for the renewal. If the company chose to issue the renewal of its policy, and to look to Thompson, its agent, for the premium, it must be considered as paid, so far as the liability of the company is involved. This view disposes of the objection that the bill fails to show what is the amount of the premium. If the premium is to be considered as paid, as between Ray and the company, its amount is not a subject of inquiry. Nor was it necessary to tender the premium in the bill. As it must be considered as paid, no tender was proper. This case must turn finally on the question whether the renewal was complete and consummated, or whether what occurred amounted to no more than negotiations between the parties for renewal, not brought to a final conclusion obligatory on all. The averments of the bill show a renewal completed, and the decree overruling the demurrer is affirmed, and leave given to appellant to answer the bill in sixty days.