ALABAMA GOLD LIFE INSURANCE COMPANY *v.* A. M. HERRON.

1. INSURANCE.   *Preliminary contract.*
   The acceptance of an application for insurance is the completion of the contract to insure, when the applicant is notified thereof.

2. SAME.   *Company's agent.   When agent for applicant.*
   If the proposal for insurance stipulates that the company's agent who forwards it shall act for both parties, delivery of the policy to him consummates the insurance.

3. CONTRACT.   *Construction.*
   Written contracts should be construed for the jury by the court.

ERROR to the Circuit Court of Noxubee County.
Hon. J. M. ARNOLD, Judge.

The Alabama Gold Life Insurance Company bring up this case from a judgment in the Circuit Court, on appeal from the judgment of a justice of the peace, for the defendant, in a suit on the following note : —

" $73.87 *gold.*                    MACON, MISS., June 16, 1875.

" On the first day of January after date, I promise to pay to the order of the Alabama Gold Life Insurance Co., *in gold*, seventy-three $\frac{87}{100}$ dollars, at the office of Yates Brothers, in Macon, Miss., with interest at eight per cent per annum, value received.

"A. M. HERRON."

The application of A. M. Herron to Yates Brothers, agents for the plaintiff at Macon, for a policy of insurance, was accompanied by the note, and contained this clause : —

"And I do hereby agree, voluntarily, and make the same a part of this contract between me and the Alabama Gold Life Insurance Company, that Yates Brothers, whose name is appended as agents of said company to this application, are also my agents in executing this contract, and their acts in the premises shall be binding on me as well as on said company."

*Bogle & Joy*, for the plaintiff in error.

1. The court should have construed Herron's written contract making Yates Brothers his agents to effect the insurance for him, and the action of the court in leaving such construction to the jury was erroneous.

2. The court erred in refusing to charge the jury that the acceptance of the application for insurance by the company, and the making out and signing of the policy, was a completion of the contract.

Upon the above points, see *Franklin Ins. Co.* v. *Taylor*, 52 Miss. 441; 20 Wall. 560; 23 Wend. 18; 17 Iowa, 276; 19 How. 318; 2 Curt. 524; 6 Wend. 103; 1 Wash. C. Ct. 93; 2 Kent's Comm. 477, and note; 9 How. (U. S.) 390; 5 Ind. 96; Sansum's Dig. Ins. Cas. 314, 316, 321, 327, 329, 330.

*Jarnagin & Jarnagin*, for the defendant in error.

We submit that, upon the facts of this case, substantial justice has been done, and that the verdict and judgment should not be disturbed. The jury were the sole and exclusive judges of the facts. This court will not disturb a verdict for want of sufficient evidence, unless it be manifestly wrong. *Wool* v. *Kirkman*, 13 Smed. & M. 599; *Prewett* v. *Coopwood*, 1 Geo. 369. And a new trial will not be granted because of erroneous charges, where the verdict is manifestly right, and it is apparent that justice has been done. *Perry* v. *Clark*, 5 How. 495; *Cartwright* v. *Carpenter*, 7 How. 328; *Boskins* v. *Winston*, 2

Cushm. 431; *Dozier* v. *Ellis*, 6 Cushm. 730; 11 Smed. & M. 169; 4 How. 231; 13 Smed. & M. 403, 532; 6 Geo. 533; 40 Miss. 191.

SIMRALL, C. J., delivered the opinion of the court.

The defendant in error rested his defence in the Circuit Court on the proposition that the contract of insurance was not consummated; that, although the policy was filled up and formally executed by the insurance company, it was never, in fact, delivered to him, nor was he notified that his application for insurance had been accepted; and therefore the promissory note, the subject of the suit, is without consideration.

The uncontroverted facts are, that Herron, through Yates Brothers, the local agents at Macon, in this State, made a written application to the Alabama Gold Life Insurance Company for insurance on his life. This paper was dated the 16th of April, 1875, and was immediately transmitted to the home office of the company, at Mobile, Alabama. On the 21st of the same month, the company made out the policy and sent it by mail to Yates Brothers, at Macon, in this State, to be delivered to Herron.

Mr. Thomas, the president of the corporation, states in his deposition that Yates Brothers, in their report, September following, informed the company that they had taken the note of Herron for the premium, and *had delivered* to him the policy.

The application, when accepted by the company, consummates the contract, whether a policy has ever been written up and duly signed and delivered, or not. The offer on the one side, and the acceptance of it on the other, constitute the " meeting of the minds of the parties on the same subject," and complete the contract. Of course, where the offer comes from the insured, he must have notice of acceptance. Until notice, it stands as a proposal for insurance. Notice of acceptance completes the contract, which, from that moment, is obligatory on both parties. The company has assumed the

risk, and the assured has assumed liability for the premium, where it stands (as in this case) on a credit. *Taylor* v. *Mutual Fire Ins. Co.*, 9 How. (U. S.) 398; *Planters' Ins. Co.* v. *Ray*, 52 Miss. 328; *Keim* v. *Home Mutual Ins. Co.*, 42 Mo. 41; *Palm* v. *Medina Ins. Co.*, 20 Ohio, 529; *Kohne v. Ins. Co. of North America*, 1 Wash. C. Ct. 96.

No attempt was made by the insurance company to prove that Herron was notified, by letter or otherwise, that his "proposal" had been accepted. The prompt transmission of the policy to Yates Brothers for delivery, on the 21st of June, in the estimation of the company, would close the contract.

Herron swore, on the trial, that the policy had never been delivered to him, and that he had never been notified that his proposal had been accepted. L. T. Yates, speaking to the same point, says that the policy was received by his firm in June, 1875, at Macon, but that he does not remember what became of the policy. These agents, in their report, two months after the transaction, advised their principal that they had taken Herron's note and delivered to him the policy. But, aside from the testimony tending to prove an actual delivery of the policy, the insurance company insisted that a delivery of the policy to Yates Brothers was, under a stipulation in the application, a delivery to Herron; in other words, that Yates Brothers had been constituted agents for that purpose by Herron.

The language of the application is, "that Yates Brothers shall also be *his* agents in executing this contract, and their acts in the premises shall be binding on him as well as on the company."

The question is not whether Yates Brothers, who were soliciting local agents of the company, could be *also* the agents of the applicant, for all purposes, in effecting the contract of insurance. The question is not as broad as that. The stipulation does not absolve Yates Brothers from their duty and relation to the company as their agents, but only makes them the agents of the applicant also. They are recognized by the

company as their agents, and Herron consents that they may be his also.

A notable distinction will be observed between the point here presented, and that considered in *Planters' Insurance Company* v. *Myers*, 55 Miss. In that case, the covenant was printed on the back of the policy, and absolutely abrogated the relation of Wilson towards the company, and constituted him agent of the applicant. The words are,  *  *  *  " shall be deemed to be the agent of the assured, and not of this company under *any circumstances* whatever, in any transaction relating to this insurance." We held, in that case, that, the agent having assumed the filling up and preparation of the application, the company could not avail of his errors or mistakes in writing down answers, if the applicant made full and truthful disclosures to him touching the matters inquired about. Nor was Myers aware that the underwriter would repudiate the relation of its agent by a condition of the policy.

An agreement, *totidem verbis*, that the company's agent may also be the agent of the applicant to receive notice of the acceptance of his offer, or to receive the policy, if issued, would not place Yates Brothers in an inconsistent attitude towards their principal. It would require of them nothing repugnant to their duty to their principal; nor is it perceived how the assured could in any way be prejudiced. It might be an accommodation to him.

We think that, within the fair meaning of the consent given in the application, a delivery of the policy to Yates Brothers was a delivery to Herron. They were authorized to accept the policy for him. Such consent given in the application does not come within the reasoning and mischief which condemned the condition in the policy in Myers's case.

In this view of the case, it is manifest that the insurance company assumed the risk from the time the policy was deposited in the post-office at Mobile, addressed to Yates Brothers at Macon.

It was the duty of the court to have construed the written

application, and not have referred its meaning to the jury. The jury felt authorized to interpret the writing, under the modification of the plaintiff's instruction. The court told the jury, in substance, that a delivery of the policy to Yates Brothers was good, if they believed from the evidence that Yates Brothers were agents of Herron. There was no evidence tending to prove an agency, except the application. The court ought to have instructed the jury that Herron had given authority to Yates Brothers to accept the policy.

Judgment reversed and cause remanded.