JAMES WILKINSON, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, November 12, 1895.

1. **Industrial Insurance:** PAYMENT: EFFECT OF PROVISIONS OF POLICY. A policy of industrial insurance provided that the production by the insurance company of the policy and a receipt for the sum insured, signed by any person furnishing satisfactory proof that he or she was the executor, administrator, husband or wife, or relative by blood or lawful beneficiary of the assured, should be conclusive proof that said sum had been paid to and received by the person or persons lawfully entitled thereto, and that all claims against the company under the policy had been satisfied. *Held*, that this provision was valid.

2. ——: ——: ——. But *held*, further, that this provision did not authorize or apply to a payment by the company to one of the persons enumerated—in this case the wife of the assured—after another such person, who owned the policy, had surrendered it to the company in order to receive payment.

3. ———: ———: ———. And *held,* also, that a creditor of the insured, who had received the policy as security for his claim from the insured, was a lawful beneficiary within the purview of this provision.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Thomas B. Harlan* for appellant.

The contract contained in the policy was not to pay to any person named in the application, but to the person or persons mentioned in condition fifth thereof. *Metropolitan Life Ins. Co. v. Schaffer,* 50. N. J. L. 72. By the very terms of the policy defendant had a discretion to pay to any one of the persons named in condition fifth thereof, and the production by the company of the policy and of a receipt signed by any one of them is conclusive and a good defense to plaintiff's suit. *Thomas v. Ins. Co.,* 24 Atl. Rep. 82; *Metropolitan Life Ins. Co. v. Schaffer,* 50 N. J. L. 72; *Rood v. Railroad,* 31 Fed. Rep. 62; *Chapman v. Railroad,* 114 Mo. 542; *Williams v. Railroad,* 112 Mo. 463; *Roy v. Boteler,* 40 Mo. App. 213; Bacon on Benefit Societies, sec. 400, p. 601.

*W. C. & J. C. Jones* and *C. C. Kidd* for respondent.

An insurance company makes its own conditions, and they will be interpreted most strongly against it. *Renshaw v. Ins. Co.,* 103 Mo. 611. Contracts of insurance are construed most strongly against the insurer and in favor of the insured. *Hale v. Ins. Co.,* 46 Mo. App. 508; *Ethington v. Ins. Co.,* 55 Mo. App. 129; *Hoffman v. Accident Indemnity Co.,* 56 Mo. App. 301. Persons can not by their contracts change the law or oust the

jurisdiction of the courts. *Order of Chosen Friends v. Forsinger*, 125 Ind. 55; *Railroad v. Donnegan*, 111 Ind. 179; *Supreme Council v. Garregas*, 104 Ind. 33; *Bauer v. Samson Lodge*, 102 Ind. 262; *Kistler v. Railroad*, 88 Ind. 460; Lawson on Contracts, p. 338, sec. 318. When by the terms of a contract a discretion is conferred upon a party thereto, it must be exercised in good faith and not in disregard of the rights of others. *Dinsmore v. Livingston Co.*, 60 Mo. 241; 2 Story on Equity, 1457*a*, 1457*b*; *Herrick v. Belnap*, 27 Vt. 673; *Railroad v. Johnson*, 74 Tex. 256; *Ricker v. Collins*, 81 Tex. 662.

Rombauer, P. J.—This case involves a small amount, but upon its decision depends the interpretation to be placed on the most important clause in certain policies of insurance, known as industrial insurance. The case, therefore, involves a proposition in the correct solution of which these insurance companies and the poorer classes of the community, who are its main patrons, are largely interested.

The defendant, who is an industrial insurance company, insured the life of one Feierabend in the sum of $196, which sum was to be ratably reduced if the assured died within a year. Feierabend, who was indebted to plaintiff, delivered the policy and receipt book to the plaintiff as security, and the plaintiff thereafter paid all assessments due thereon to the defendant. When Feierabend died, the plaintiff took the policy and receipt book to the defendant and delivered it to its officers, taking from the defendant the following receipt : "Received from James Wilkinson policy No. 6,927,726, issued by the Metropolitan on the life of Peter Feierabend, and receipt book showing premiums all paid up, the same having to accompany proofs of loss to the home office in New York before the claim

can be considered by said company.'' Subsequently to this, the widow of Feierabend made proofs of loss under the policy, and the defendant paid to her the full amount of the insurance. The plaintiff thereupon brought the present action against the company to recover from it the amount of insurance, which was less than the debt of Feierabend to him. Upon the trial of the cause the defendant produced the receipt of Mrs. Feierabend, the policy and receipt book, and claimed judgment under the conditions of the policy hereinafter set out. The court refused to instruct for the defendant, but rendered judgment for plaintiff, and defendant appealed.

The policy, which is the foundation of this action, contains the following recitals :

"This policy is issued and accepted upon the following conditions, viz.:

"*Fourth.* This policy, and the receipt book containing the premiums paid on the same, shall be exhibited to the officers or authorized employees of the company at any time upon demand; and before any payment can be claimed under this policy, said policy and receipt book must be surrendered to the company.

"*Fifth.* The production by the company of this policy and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or wife, or relative by blood, or lawful beneficiary of the insured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied.''

We will concede at the outset that there is nothing in these conditions which render them void as opposed to public policy or as too indefinite and uncertain to

be enforced.  ·Parties, when not prohibited by law from so doing, are at liberty to make their own contracts and within limits provide what shall be evidence of certain facts.  Clauses of the latter kind are contained in deeds of trust and building contracts of all kinds, and have been uniformly upheld by the courts of this state.  *Chapman v. Railroad,* 114 Mo. 542; *Williams v. Railroad,* 112 Mo. 463; *Roy v. Boteler,* 40 Mo. App. 213.  In other states, where the validity of almost the identical conditions came under consideration, the courts did not hesitate to uphold them. *Metropolitan Life Insurance Company v. Schaffer,* 50 N. J. Law, 72; *Thomas v. Prudential Life Insurance Company,* 24 Atl. Rep. 82.  The able argument of VAN SYCKEL, J., in the Schaffer case meets with our full approbation.  The fifth condition hereinabove recited unquestionably confers upon the insurance company the power to pay the amount of the policy to anyone belonging to the classes enumerated, provided that the claimant produces the book and policy for surrender. The clause, however, does not contemplate, as the defendant contends, that the company has the right to obtain the surrender of the book from the real owner of it, and then pay the amount of the policy at its option to any other beneficiary falling within the classes designated.  There is nothing in the cases cited by appellant which would uphold such a construction; on the contrary, the decision in the Schaffer case, as far as it has any bearing on the question, is directly to the contrary.

In the case at bar it appears without contradiction that plaintiff was the legal owner of the policy and book, and that they were continually in his possession until surrendered by him to the company.  There is no evidence in the record that he either intended to surrender, or did actually surrender, the book on behalf

of anyone else but himself. The defendant's receipt, which is in evidence, clearly shows that it received those documents from the plaintiff, and not from someone else through the plaintiff. He was a *lawful beneficiary* of the assured, and hence belonged to. one of the classes mentioned in the fifth condition. The defendant could with perfect safety have paid the amount of insurance to him, and, in case of such payment, would have been fully protected by the production of the policy and his receipt; but it was not at liberty to make an arbitrary selection of any other person belonging to the designated classes.

It results from the foregoing that the judgment of the court was supported by substantial evidence, and that the defendant's instruction, which was in effect only a demurrer to the evidence, was properly refused. Judgment affirmed. All concur.