JAMES WILKINSON, Respondent, v. THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, December 10, 1895.

The ruling in *Wilkinson v. Metropolitan Life Ins. Co.*, 63 Mo. App. 404, is affirmed.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Thomas B. Harlan* for appellant.

*W. C. & J. C. Jones* and *C. C. Kidd* for respondent.

BOND, J.—Joseph Williamson applied for insurance upon his own life in the sum of $196, payable to plaintiff, who was the creditor of the insured, and who paid the premium on the making of the application and all calls thereafter made under the policy, which was issued and delivered to plaintiff and kept by him until the death of said Williamson, whereupon plaintiff took the policy and receipt book for premiums paid by him thereon, and delivered them for payment to the agent of the company, receiving a receipt for the policy and book thus surrendered. At the time the application for the insurance was made, one Anderson, who was employed to solicit and write such applications for defendant, wrote out the one in question, and by direction of plaintiff and Williamson inserted plaintiff's name therein as payee of the policy and delivered it in this state to the company's agent Hudless, who afterward, with the knowledge of said Williamson, but

without knowledge of plaintiff, erased plaintiff's name as beneficiary in the application and inserted in lieu thereof the words "personal estate." After this change, the policy was issued and delivered to plaintiff and retained by him until its surrender to defendant after the death of Williamson as stated above. After securing the policy and receipt book, defendant paid the sum due thereon to the public administrator, who had charge of the estate of the deceased Williamson. At the time of the issuance of the policy in suit Williamson was indebted to the plaintiff in the sum of $75, and it did not appear that any part of this sum was repaid prior to his death when the insurance on his life amounted to $26.37. To recover the latter sum, plaintiff sued on the policy before a justice, where defendant had judgment. Upon a retrial in the circuit court plaintiff had judgment, from which defendant appeals to this court, and for its first complaint of error says the judgment should have been for defendant under a clause in its policy permitting it to make payment to either the administrator or any other beneficiary of the policy upon surrender of the receipt book and policy, and making a receipt for such payment and the production of the policy evidence on behalf of the company that payment was made to the right party. This clause was introduced in evidence by defendant to support its payment to the administrator, and as a bar to the present suit.

This provision was before us at this term in another cause between the same parties (63 Mo. App. 404) and received interpretation. It was there held that the defendant could not, after having received from the hands of the plaintiff a policy delivered to him as security for the indebtedness of the assured, arbitrarily pay the amount due upon the death of the insured to another beneficiary, simply because the latter was

embraced in one of the classes designated in said provision. It follows that the payment by defendant to the administrator in the present suit was no defense to plaintiff's action.

Appellant next insists that the change in the name of the beneficiary, made by its agent after the delivery to him of the application for insurance, was a matter of which plaintiff was not entitled to be advised. Whether this contention is correct or not, it does not affect the right of respondent to recover in this action. The evidence is undisputed that he was a lawful beneficiary; that he held the policy by a valid transfer and delivery as a security for the indebtedness due him by the assured; that he paid all the premiums for its procurement and to keep it alive; that he retained possession of it until the death of the assured, and then surrendered it to the defendant upon receiving its receipt therefor, and thereafter was told by defendant's agent that it had elected to pay the public administrator. That defendant, being thus apprised of plaintiff's interest, could not in good faith ignore his rights and capriciously select another beneficiary whom it reserved the right to pay by the clause of its policy introduced in evidence, is what was decided in the case above quoted. Hence, it was wholly immaterial whether or not respondent's name was inserted in the application for the policy, since the only purpose of such insertion would have been to affect appellant with notice which all the evidence shows was fully had by appellant. We must, therefore, overrule the second assignment of error.

For these reasons, also, the conversation between appellant's agent and the assured, had in the absence of plaintiff, relative to the change in the application, is immaterial. For, as we have seen under the facts in this record, the plaintiff would have been entitled to recover, although his name as beneficiary had not been

inserted in the application for the policy. It is, therefore, unnecessary to pass on the ruling of the trial court in excluding this conversation. No other errors are assigned. No instructions were asked or given in this case. The judgment is sustained by the evidence, and will be affirmed. All concur.