SAMUEL S. RENFRO, by SAMUEL A. JENKINS, His Next Friend, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals. Submitted on Briefs March 14, 1910. Opinion Filed April 19, 1910.

1. LIFE INSURANCE: Industrial Policy: Facility Clause: Validity. The facility clause of an industrial life policy, providing that on the death of insured prior to a specified date the amount due may be paid to either the beneficiary named or to the executor or administrator, husband or wife or any blood relative of insured, and that the production of a receipt signed by either of them shall be conclusive evidence of payment, is valid; and where insurer has paid the amount of the policy to one of the enumerated persons who owned the policy and surrendered it, another of the persons enumerated can not compel payment.

2. APPELLATE PRACTICE: Credibility of Witnesses: Review. The credibility of witnesses is for the trial court.

3. CONTRACTS: Not to be Varied by Parol Evidence: Evidence. A written contract can not be varied by parol evidence of the intent of the parties before executing it.

4. LIFE INSURANCE: Industrial Policy: Ambiguity in Designating Beneficiary: Parol Evidence Competent to Explain: Evi-

dence. The word "estate" in an industrial life policy naming the "estate" of insured as the beneficiary and providing for the payment on the death of insured before a designated date of the amount due to either the beneficiary or the executor or administrator, husband or wife, or any relative by blood of insured, is ambiguous, and parol evidence that the agent of insurer at the time he procured the application for the policy informed insured that her only child would be paid the policy is admissible to show the child's rights, and the child, in possession of the policy at the time of insured's death, can compel payment thereon.

5. ——: ——: **Construction.** Industrial life policies will be treated by the courts as highly benevolent, and they will not be construed as intending to provide a fund for the benefit of creditors of insured, unless that is distinctly set out in the policy itself.

6. ——: ——: **Vexatious Refusal of Payment by Insurer.** Where insurer in an industrial policy designating the estate of insured as the beneficiary refused to pay on insured's death the amount of the policy to the only child of insured, the court awarding judgment in favor of the child should not impose the damages prescribed by section 8012, Revised Statutes 1899, for insurer had the right to take the judgment of the court as to its liability, that question never having been directly before an appellate court of this State.

7. **INFANTS: Suit by Next Friend: Attainment of Majority.** Where the real party in interest has, pending the litigation, attained full age, the next friend may in the discretion of the court be dismissed from the case, and judgment entered directly in favor of such party.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

REVERSED AND REMANDED *(with directions).*

*James J. O'Donohoe* for appellant.

(1) Since the plaintiff was the son of insured and in possession of the policy and premium receipt book, the judgment should have been for him and not for defendant. Wilkinson v. Metropolitan Life Ins. Co., 63 Mo. App. 404; Wilkinson v. Metropolitan Life Ins. Co., 64 Mo. App. 172; Floyd v. Prudential Ins. Co., 72 Mo. App. 455; Thomas v. Prudential Ins. Co., 158 Ind. 463;

McCarthy v. Metropolitan Life Ins. Co., 162 Mass. 254; Prudential Ins. Co. v. Young, 43 N. E. 253; Western and Southern Life Ins. Co. v. Galvin, 68 S. W. 655 (24 Ky. Law Rep. 444). The uncontradicted evidence shows that at the time the application was made for the policy defendant's agent orally represented that the policy would be paid the plaintiff, in case of the death of the insured, and this constitutes a binding election and deprives the defendant of any option under the policy. Shea v. United States Industrial Ins. Co., 23 App. Div. 53 (48 N. Y. Sup. 548). And the representation and election is binding on defendant. Schmidt v. Ins. Co., 2 Mo. App. 339; Hanley v. Ins. Co., 4 Mo. App. 253; Jackson v. Ins. Co., 27 Mo. App. 62; Burnham v. Ins. Co., 63 Mo. App. 85; Ormsby v. Ins. Co., 98 Mo. App. 371; Brennen v. Ins. Co., 99 Mo. App. 718; Wagaman v. Ins. Co., 110 Mo. App. 616; Gorton v. Ins. Co., 115 Mo. App. 69; Crowder v. Ins. Co., 115 Mo. App. 535; James v. Ins. Co., 148 Mo. 1; Andrus v. Ins. Co., 168 Mo. 151. (2) "Estate" is an ambiguous designation, but is usually construed to mean the wife or minor children of the insured. Bacon on Benefit Soc. and Life Ins. (2 Ed.), sec. 263; cases cited. Among others, the following: Clinton v. Hope Ins. Co., 45 N. Y. 461; Pace v. Pace, 19 Fla. 438; Meyers v. John Hancock Ins. Co., 41 Mo. 538; Globe Ins. Co. v. Boyle, 21 Ohio St. 119; Dale v. Brumley, 96 Ind. 674; Huston v. Jenson, 110 Wis. 26; Daniels v. Pratt, 143 Mass. 216; Beckman v. Imperial Council, etc., 11 N. Y. Sup. 321; Basye v. Adams, 81 Ky. 368. (3) The defendant's refusal to pay the policy to plaintiff is vexatious, and he should be allowed, in addition to the face of the policy and interest, a sum of damages, not exceeding 10 per cent of the loss, and a reasonable attorney's fee. Section 8012, R. S. 1899; Kellog v. Ins. Co., 133 Mo. App. 391; Utz v. Ins. Co., 122 S. W. 318; Williams v. Ins. Co., 189 Mo. 70; Keller v. Ins. Co., 198 Mo. 440.

*Nathan Frank* and *M. W. Oliver* for respondent.

(1) Where a policy of life insurance contains a named beneficiary, the fact that it also has a condition permitting the insurer to make payment to any person or persons within certain designated classes, does not obligate the insurer to pay the policy to any one other than the named beneficiary. Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52, 59 N. E. 439; Wolkal v. Belsky, 65 N. Y. S. 815; Ferretti v. Prudential Ins. Co., 97 N. Y. S. 1007; Golden v. Mutual Life Ins. Co., 59 N. Y. S. 143. (a) The "facility clause" in the policy issued by respondent, gives no person named therein a vested interest, nor does it entitle any such person to sue; but simply confers upon the insurer an option to pay to any one falling within the classes named in such clause, the benefit provided for in the policy if it deems such person or any of them equitably entitled to the same; otherwise the policy is payable to the named beneficiary or to the executors or administrators of the insured. Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52; Wolkal v. Belsky, 65 N. Y. S. 815. (2) All negotiations had prior to the issuance of a policy of life insurance are merged in the policy, and in the absence of fraud, the terms of such policy cannot be modified or changed by any evidence to show a prior or contemporaneous oral agreement. The acceptance of a policy affords conclusive evidence of knowledge and assent of all parties to all its contents, terms and conditions. Huber Mfg. Co. v. Hunter, 87 Mo. App. 50; Ijams v. Providence Life Assn., 185 Mo. 466; Gillum v. Fire Association of Philadelphia, 106 Mo. App. 673; Hutton v. Jenson, 110 Wis. 26, 85 N. W. 68. (a) The appellant was not a party to the application made for this policy. The respondent had no contract with him, nor did he pay any of the premiums. It results that he cannot be heard to object to the terms and conditions of the policy, which, if they were erroneous, through fraud or mistake, could only be corrected at the

instance of the insured, Jessie Taylor. Nims. v. Ford, 35 N. E. (Mass.) 100. Where the beneficiary named in a policy of life insurance if "The Estate," such policy becomes an asset of the personal estate of the insured, and is payable to his executor or administrator, and to no one else. 11 Joyce on Insurance (Ed. 1897), sec. 776; Daniel v. Pratt, 143 Mass. 210; Meyers v. John Hancock Ins. Co., 41 Mo. 538.

STATEMENT.—Samuel S. Renfro is an infant under the age of 21 years and over the age of 18, and having no legally appointed guardian, a next friend, who is the nominal plaintiff, has been appointed by the court to serve in that capacity and as such has brought this suit. Using the word plaintiff hereafter, unless otherwise noted, we refer to the minor, who is the real party in interest. The suit was originally brought in a justice's court on a statement there filed and on an appeal to the circuit court the amended petition on which the case was tried was filed. In this amended petition it is set out that the defendant is a corporation incorporated under the laws of New York, engaged in business in this State, and that on the 14th of October, 1901, at the city of St. Louis, the defendant, by its certain policy, insured the life of one Jessie Taylor, the mother of the plaintiff, and that while the plaintiff's name does not appear in the policy as the beneficiary, yet it is averred that it was understood and agreed by and between defendant, plaintiff and the insured that the plaintiff would be made beneficiary in the policy; that it is provided in the policy as follows:

"In case of such prior death of the insured the company may pay the amount due under this policy to either the beneficiary named above or the executor or administrator, husband or wife, or any relative by blood of the insured, and the production of a receipt signed by either of them shall be conclusive evidence that all claims under this policy have been satisfied."

The petition then sets out that plaintiff is a relative by blood of the insured, being her only child and heir, and that ever since the issue of the policy he has been the owner thereof and the owner of the receipt book in which the premiums paid on the policy were recorded; that it is now and was at the time of the issue of the policy, the custom of the defendant to pay industrial insurance policies such as this to the husband or wife or any relative by blood of the insured; that the insured, Jessie Taylor, died about the 25th of April, 1907, and at the time of her death all the conditions and provisions contained in the policy were duly complied with by her and within a short time after her death plaintiff applied to defendant for blanks upon which to make proof of the death of the insured, but the defendant failed, neglected and refused to furnish them and denied all liability on the policy, thereby waiving such proofs of death; that prior to the institution of the suit plaintiff demanded of defendant payment of the policy "but defendant vexatiously refused to pay said policy or any part thereof." Judgment is prayed for $195, less the unpaid premiums of 15 cents per week from the 14th day of May, 1906, to the date of the death of the insured, namely, 25th of April, 1907, with interest thereon from the filing of the suit, to-wit, 26th of August, 1907, also 10 per cent of the face of the policy, less the unpaid premiums aforesaid, and a reasonable attorney's fee for vexatiously refusing to pay the policy. There was no written pleading on the part of the defendant, either before the justice or the circuit court.

The case was tried before the court, a jury having been waived, and the policy introduced, which was in the name of Jessie Taylor, the weekly premiums being 15 cents and the amount of insurance payable in the event of death after one year $195, after three years the above amount to be increased as provided in the policy. Opposite the entry, "name of beneficiary and relationship to the insured," is the word "Estate." The policy then

provides in the ordinary way that in consideration of the statements in the printed and written application which are made warranties and of the payment of the premiums mentioned on or before each Monday, the Metropolitan Life Insurance Company agrees to pay as an endowment to the insured named above, on the anniversary of the policy next after she shall have passed the age of 79 years and upon the surrender of the policy and all receipt books, $270; or if the insured die prior to the date of the maturity of the endowment, to pay upon receipt of proofs of the death of the insured, made in the manner, to the extent and upon the blanks required herein and upon surrender of the policy and all receipt books, the amount stipulated in said schedule. Then follows this clause, which is called the "facility" clause:

"In case of such prior death of the insured the company may pay the amount due under this policy to either the beneficiary named above or to the executor or administrator, husband or wife, or any relative by blood of the insured, and the production of a receipt signed by either of them shall be conclusive evidence that all claims under this policy have been satisfied."

Another clause in the policy provides that the agents of the defendant company are not authorized and have no power to make, alter or discharge contracts, waive forfeitures or receive premiums on policies more than four weeks in arrears or to receipt for the same in the receipt book.

It was admitted at the trial that the premiums had not been paid on the policy from the 14th of May, 1906, to the date of the death of the insured, 25th of April, 1907, but that the reserve on the policy carried it by way of extended insurance beyond the death of the insured which it is admitted occurred on the 25th of April, and it was also admitted that the amount due on the policy, if there is any liability on the part of the defendant to this plaintiff, is the face of the policy less the unpaid pre-

miums of 15 cents per week, commencing on the 14th day of May, 1906, and ending on the 25th day of April, 1907, with interest at 6 per cent per annum.

Plaintiff Renfro, being sworn, testified that Jessie Taylor was his mother; that he was present when the application for the policy was written. He was asked what was said between the agent and his mother with respect to whom would be the beneficiary of the policy at that time. This was objected to as an attempt to vary a written contract by parol evidence; objection overruled, defendant duly excepting. Witness answered that the agent said he (plaintiff) should be the beneficiary in the policy and that it would be paid over to him in case of the death of his mother. He testified that he had no brothers or sisters and that his father was not now living, being dead at the time the policy was taken out. At the time his mother died he (plaintiff) had possession of the premium receipt book and the policy and had possession of them until he had turned them over to his attorney for the purposes of this suit. On cross-examination he testified that he had never had any brothers or sisters and was the only child; was present at the time when his mother and the agent of the defendant had the conversation in regard to the policy and was then 14 years old; is now 20 years old; doesn't remember the day of the month that the conversation occurred but it was before the policy was delivered to his mother.

A witness, placed upon the stand in behalf of plaintiff, testified that he had been the agent of the defendant; he was asked to look at the policy in suit and state what, under its provisions, was the custom of the defendant company as to whom similar policies were paid in the year 1901. This was objected to and objection sustained.

The attorney for plaintiff, sworn on behalf of plaintiff, testified that as attorney for plaintiff he wrote the defendant a letter, a copy of which he produced. The

letter is not in the record by reason, as counsel state, of the admissions following, namely, that is to say, that for the purposes of this case it is admitted that a demand was made on the defendant for payment under the policy, also that the request for blanks was made and refused because the defendant denied any liability in the case to plaintiff because plaintiff was not the designated beneficiary and not entitled to the payment of proceeds thereof.   This was all the evidence in the case.

At the close of it plaintiff prayed the court to declare the law to be that under the pleadings, the law and the evidence plaintiff was entitled to recover.  The court refused this, plaintiff duly excepting to the refusal, and at the instance of the defendant the court declared the law to be that under all the evidence in the case plaintiff is not entitled to recover against the defendant and the finding and judgment will therefore be in favor of the defendant.  This was objected to by plaintiff and exception duly saved to it being given.  Judgment was thereupon entered in favor of defendant, from which plaintiff of record, after filing a motion for new trial, perfected an appeal to this court.

REYNOLDS, P. J. (after stating the facts).— There have been a number of cases on like policies before this court, this class of insurance being what is commonly called "industrial life insurance."   As was said by this court in the case of Wilkinson v. Life Ins. Co., 63 Mo. App. 404, and referring to this same company defendant, that while the case involves a small amount, upon its decision depended the interpretation to be placed upon the most important clause in the policies issued by what are known as industrial insurance companies.   In the Wilkinson case this court held that the clause above referred to, known as the "facility" clause, was valid; and that it did not authorize or compel the payment by the company to one of the persons enumerated, after another such person, who owned the

policy, had surrendered it to the company in order to receive the payment. This was again affirmed in a suit between the same parties, reported 64 Mo. App. 172.

It will be noticed that in the case at bar the designation of the party to whom the amount due under the policy is to be paid in the event of the death of the insured before the endowment period has matured, is "Estate." That is, no particular person is designated, the word "estate" alone being used. Over the objection of the defendant the plaintiff offered evidence, which was admitted by the court subject to the exception, to the effect that at the time when the policy was issued it was understood between his mother and the agent of the company, that he, the only child, was the person meant by "Estate." At the time when the plaintiff claims to have heard this conversation, he was but fourteen years old and was twenty when he testified. The learned counsel for defendant contend with great force that it is very improbable that a young boy of fourteen would have remembered this one fact. We are not the court to pass on that one way or the other. The credibility of the witness was for the learned trial court. Nor can we say what view he took of it. The objection made to this evidence when offered is that it was incompetent, as an attempt to vary the policy. This was the only objection made to it at the time it was offered. The learned trial judge did not finally pass on this objection, but it was not tenable. This testimony had no tendency to vary or contradict the policy but was the explanation, by extrinsic evidence, of what took place at the time of the delivery of the policy, of an ambiguous term, that is to say, the term "estate," found in the policy itself. We make no contention, of course, over the propositions that contracts are not to be varied by parol testimony as to what was intended by the parties before their execution, but that is not this case. In an old case, that of Loos' Guard v. John Hancock Mut. Life Ins. Co., 41 Mo. 538, Judge WAGNER, who delivered the opinion of the court

and construing the term "to his heirs or representatives," to whom the policy there before the court was payable, says (l. c. 541); that while the term "representatives," in general and in a professional or technical sense simply means executor or administrators, they are often construed differently, "if it is clear that the intention was to vest the estate in a different class of persons. That they mean executors and administrators will ordinarily be taken as true, where nothing is shown to raise a counter presumption, but the meaning is not so inflexibly attached so as to prevail in all cases when it is manifest that another disposition was intended. The intention must control, and that intention is to be gathered by a view of the context subject-matter and the purpose to be attained. The words have therefore been held to mean next of kin when the circumstances of the case made it apparent that such a construction would effectuate the object had in view. The language used by the assured would seem to indicate that it was his intention, in case of his untimely decease, to make some provision for the surviving members of his family, and not that the money arising from the policy should go to his executors or administrators, to be administered on as ordinary assets."

1 Bacon in his works on Benefit Societies and Life Insurance (3 Ed.), sec. 263, states the law to be that if the name of the person for whose benefit the insurance is obtained does not appear upon the face of the certificate or policy or if the designations used are applicable to several persons or if the description of the insured is imperfect or ambiguous, so that it cannot be understood without explanation, extrinsic evidence may be resorted to to ascertain the meaning of the contract, and referring to the case of Clinton v. The Hope Ins. Co., 45 N. Y. 454, l. c. 461, he states it as the law, that where the agent was told that the insurance was designed for the benefit of the widow and heirs and policy was made "payable to the estate," it is held that

the rule above given had direct application, as it is not essential that the person or persons insured should be named in the policy nor is that essential in the contract of insurance.

In the case of Pace v. Pace, 19 Fla. 438, the policy was written as "for the benefit of the estate of the insured," and it was held that under the circumstances of the case, and aided by extrinsic evidence, as in the case at bar, the terms referred to meant for the benefit of an only minor child, who was less than five years of age at the time of the contract and that it did not go to the administrator or distributees of the estate. The Florida court cites in support of its position the case of Loos' Guard. v. John Hancock Ins. Co., supra, the case of Clinton v. Ins. Co., supra, and also Globe Ins. Co. v. Boyle, 21 Ohio St. 119, all holding that the words are to be so interpreted as to be for the benefit of the surviving members of a family rather than for the benefit of the creditor or administrator, and that in the instance before the court, the beneficiary intended was the infant child. Mr. Bacon cites a number of cases to the same effect, that is to say that the term "estate" included or designated as the beneficiary, not the administrator or executor, but a child or other one.

2 Joyce on Insurance (Ed. 1897), sec. 776, is to the same effect. There Mr. Joyce states that a question arises where the proceeds of a benefit certificate are payable to the "estate" of the insured, whether the fund shall be subject to the claims of creditors; and he states that in the consideration of this point, the laws of the society, where it is a benefit certificate, the whole statute, contract, the constitution, etc., the terms of the certificate, and the intentions of the parties, must be considered. In the brief of the learned counsel for the respondent in this case, 2 Joyce on Insurance. (Ed. 1897), sec. 776, is referred to in support of the proposition that when the term "estate" is used in these policies, such policies become an asset of the personal estate

of the insured and payable to the executor or administrator and to no one else, and in their printed argument they state, "The fundamental rule is thus laid down by 2 Joyce on Insurance (Ed. 1897), sec. 776, as follows," and counsel then put under quotation marks to this: "Where the beneficiary named in the policy of life insurance is 'the estate,' such policy becomes an asset of the estate, and is payable to the executor or administrator of the insured." A very careful reading of the section from Joyce referred to, not only fails to show any such language in it, but, as we have seen, the text of the section referred to, in the edition referred to, directly holds to the contrary. We think it obvious from this class of contracts, and they have been, as before said, many times before our courts, and on consideration of the fact that the provision is for the immediate happenings upon the death of the insured, and of the small amount provided for, that it cannot be said, with any propriety or with any proper consideration of this form of insurance, that they are intended to provide a fund for the benefit of creditors, unless that is distinctly set out in the policy itself, as has been done in several cases where a special provision, by pledge or otherwise has been made for a creditor. In general to place a policy of this small amount and apparently consisting of the whole estate left by the decedent into the hands of an appointed administrator would be to tie up the whole fund, obviously intended to meet burial and other immediate expenses attendant upon death, to pervert it from its real object and to cause it to be eaten into seriously by court expenses, and administrative and other allowances of various kinds. We consider these industrial policies highly benevolent, and that they are to be so treated. Looking into the facts in this case and considering, under the adjudications of the courts on these matters, that payment to this plaintiff absolves the defendant from any payment to any other possible claimant, we think that the judgment of the learned trial

judge should have been for the plaintiff. We decline to impose the statutory damage of ten per cent, under section 8012, R. S. 1899, as the question involved here has never been directly before our court. Respondent had a clear right to take the judgment of the court thereon and its refusal to pay appellant was not vexatious within the meaning of the statute.

The judgment in the case is accordingly reversed and the cause remanded with directions to the trial court to enter up judgment in favor of the appellant. If the real plaintiff, the son of the insured, is now of age, as is suggested, the next friend may be dismissed from the case, in the discretion of the trial court, and judgment be entered by it directly in favor of Samuel S. Renfro for the amount due, as shown by the stipulation or agreement of counsel, with interest thereon from the date of the suit at the rate of six per cent per annum. All concur.