EDWARD CLARKSTON, By Guardian, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, May 4, 1915.

1. **LIFE INSURANCE: Evidence: Conclusiveness of Proof of Death.** Recitals in the proof of death of one whose life is insured, to the effect that insured died from a disease with which he was afflicted at the time the policy was issued, are conclusive on the beneficiary, unless contradicted or explained, and prevent a recovery if insured in his application stated that he was not suffering from such disease; but where the recitals are

contradicted, the question of insurer's liability on the policy is for the jury, under Sec. 6937, R. S. 1909.

2. ————: ————: ————. The report of the physician of a life insurance company, reciting that he had examined insured's respiratory organs and found them sound, and that insured possessed sound health and a good constitution, was competent evidence, in an action on the policy, and constituted sufficient evidence to contradict a statement in the proof of death, made by the attending physician, to the effect that insured died of tuberculosis and that he was suffering from that disease at the time of the issuance of the policy; and a finding of the jury, upon such facts, that insured made no misrepresentation in obtaining the policy, was conclusive, on appeal.

3. **APPELLATE PRACTICE: Conclusiveness of Verdict.** The verdict of a jury on conflicting evidence is conclusive, on appeal.

4. **LIFE INSURANCE: Change of Beneficiaries: Interest of Wife.** Although Sec. 6944, R. S. 1909, provides that a life insurance policy for the benefit of the wife of insured shall inure to her separate estate, independently of the creditors and representatives of insured, a wife who is designated as beneficiary does not obtain any vested interest in the insurance, where the policy stipulates that insured and insurer may change the beneficiary, provided the change is made before the death of insured.

5. ————: **Industrial Policies: Construction.** Industrial life insurance policies are liberally interpreted, and, if possible, such a construction placed upon them as will require payment without the expense and inconvenience of an administration upon the estate of insured, when, at the same time, the interests of the company can be protected against further liability on the policy.

6. **CONTRACTS: Contract for Benefit of Third Person: Right of Action.** A promise made by one person to another for the benefit of a third person may be sued upon and enforced by the latter.

7. **LIFE INSURANCE: Industrial Policy: Beneficiaries Under "Facility of Payment" Clause.** An industrial life insurance policy, stipulating for the payment of a certain amount to insured, as an endowment, on the anniversary of the policy next after he passed a specified age, and declaring that, on the death of insured prior to that time, insurer will pay, on receipt of proof of death, the amount stipulated, provided, in case of such prior death, insurer may pay the amount due to either the beneficiary named or to the executor, administrator, husband, or wife, or

190MA40

any relative, of insured, etc., and which names the wife of insured as beneficiary, does not contain an express promise to pay the amount to the wife, on insured's death, and she acquires no vested interest in the policy, exclusive of the other persons mentioned, and, where she survives her husband, but dies before the institution of an action on the policy by a child of the parties, who is the only surviving heir of insured, the child may recover on the policy, although payment by insurer to the wife in her limetime would have been' a complete defense.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*Nathan Frank* and *Louis B. Sher* for appellant.

(1)    Proofs of death furnished to the insurance company are prima-facie evidence of the facts therein stated, and are conclusive, unless the beneficiary shows that the statements made therein were erroneous, or were given through mistake.    Almond v. Modern Woodmen of America, 133 Mo. App. 382; Mutual Benefit Life Ins. Co. v. Newton, 22 Wall. (U. S.) 32; Hassencamp v. Life Ins. Co., 120 Fed. 475; Hanna v. Life Ins. Co., 44 N. E. 1099; Walther v. Ins. Co., 65 Cal. 417; Modern Woodmen of America v. Von Wald, 6 Kan. App. 231; Hart v. Trustees, 84 N. W. 851; 3 Elliott on Evidence, sec. 2387; 2 Wigmore on Evidence, page 1265.    (2)    The proofs of death furnished by the beneficiary when her claim was originally made and introduced in evidence at the trial, showed that for three months prior to the issuance of the policy in suit, the insured was suffering from tuberculosis, and that from the 7th day of May, 1910, until the 24th day of August, 1910, he was undergoing treatment for such disease by Dr. Elliott; the proofs of death signed by Dr. Elliott and Dr. Popejoy, offered in evidence, showed that such diseases caused or contributed to cause the insured's death.    Such evidence was unimpeached and uncon-

tradicted at the trial of this case, and consequently the contents of such proofs of death offered and submitted by respondent in support of her claim, were and must now be taken as conclusive of the facts therein stated. Almond v. Modern Woodmen of America, supra; Benefit Ass'n v. Sargent, 142 U. S. 691; Dennis v. Union Mutual Ins. Co., 84 Cal. 570. (3) Where a policy of life insurance contains a named beneficiary, the fact that it also has a condition permitting the insurer to make payment to any person or persons within certain designated classes, does not obligate the insurer to pay the policy to any one other than the named beneficiary. Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52, 59 N. E. 439; Wolkal v. Belsky, 65 N. Y. S. 815; Ferretti v. Prudential Ins. Co., 97 N. Y. S. 1007; Golden v. Mutual Life Ins. Co., 59 N. Y. S. 143. (4) A beneficiary originally designated in a policy issued by an old line life insurance company acquires a vested interest in the policy, which inures to the benefit of the estate of the beneficiary on the death of the insured. Sec. 6944, R. S. 1909; U. S. Casualty Co. v. Kacer, 169 Mo. 301; Smith v. Grand Lodge, A. O. U. W., 124 Mo. App. 181; Shields v. Sharp, 35 Mo. App. 178; Packard v. Ins. Co., 9 Mo. App. 469; Blum v. Life Ins. Co., 197 Mo. 513; Conn. Mut. Life Ins. Co. v. Ryan, 8 Mo. App. 535; Bank v. Hume, 128 U. S. 206; Masonic Ben. Ass'n v. Bunch, 109 Mo. 580. (5) Where there is a provision reserving the right to change the beneficiary, but the right has not been exercised, the interest of the beneficiary passes to the personal representative of the latter, and, being entitled to the proceeds of the policy, such personal representative may, after the death of the insured, sue for wrongful conversion by the company. 3 Am. & Eng. Ency. of Law, page 987; Foster v. Gile, 50 Wis. 603; Clark v. Equitable Aid Union, 6 Pa. Co. Ct. 321; N. Y. Mut. Life Ins. Co. v. Allen, 212 Ill. 134, 72 N. E. 200; Freund v. Freund, 218 Ill. 189, 75 N. E. 925. (6) The company cannot, after the death

of the insured and consequent vesting of the right of the beneficiary, waive, as against the beneficiary, provisions of the policy relative to change of beneficiary. Freund v. Freund, 218 Ill. 189, 75 N. E. 925; Begley v. Miller, 137 Ill. App. 278; French v. Assurance Society, 205 Mass. 424, 91 N. E. 577; Shephard v. Crowley, 61 Fla. 735.

*James J. O'Donohoe* for respondent.

. (1)   The defendant failed to introduce sufficient evidence to overcome even the plaintiff's prima-facie case.   Keily v. K. of F. M., 167 Mo. App. 619; Winn v. M. W. of A., 157 Mo. App. 1.   The question of misrepresentations was for the jury.   The cases thus deciding are now almost too numerous for citation.   Section 6973, R. S. 1909; Dodt v. Ins. Co., 171 S. W. 655; Buchholz v. Ins. Co., 177 Mo. App. 683; Roedel v. Ins. Co., 176 Mo. App. 584; Coscarella v. Ins. Co., 175 Mo. App. 130; Welsh v. Ins. Co., 165 Mo. App. 233; Ins. Co. v. Stiewing, 173 Mo. App. 108; Lynch v. Ins. Co., 150 Mo. App. 461; Salts v. Ins. Co., 140 Mo. App. 142; Burns v. Ins. Co., 141 Mo. App. 212; Williams v. Ins. Co., 189 Mo. 70; Keller v. Ins. Co., 198 Mo. 440.   (2) The insured's wife took no vested interest in the policy. Jackson v. American Yeomen, 167 Mo. App. 24; Webb v. Ins. Co., 134 Mo. App. 576; Leeker v. Ins. Co., 154 Mo. App. 440; 1 Bacon Ben. Soc. (3 Ed.), sec. 291b; 4 Cooley Br. Ins., p. 3755; 2 May Ins. (4 Ed.), sec. 399m. (3)   This action is prosecuted by the right party. Wallace v. Ins. Co., 174 Mo. App. 110; Renfro v. Ins. Co., 148 Mo. App. 258; Floyd v. Ins. Co., 72 Mo. App. 455; Wilkinson v. Ins. Co., 64 Mo. App. 172; Wilkinson v. Ins. Co., 63 Mo. App. 404; Thomas v. Ins. Co., 158 Ind. 463; McCarthy v. Ins. Co., 162 Mass. 254; Ins. Co. v. Young, 43 N. E. 253; Ins. Co. v. Galvin, 24 Ky. L. 444; 68 S. W. 655;   Pfaff v. Ins. Co., 141 Pa. 562; Brennan v. Ins. Co., 170 Pa. 488; Ins. Co. v. O'Farrell, 64 Kan.

278; Ins. Co. v. Schaffer, 50 N. J. L. 72; Brooks v. Ins. Co., 70 N. J. L. 36.

NORTONI, J.—This is a suit on a policy of life insurance. Plaintiff recovered and defendant prosecutes the appeal.

The policy in suit is of the industrial character, and was issued in the amount of $231. The insured, having died within six months of its date, under the terms of the policy the amount available thereon is one-half of the maximum agreed to be paid—that is, $115.50. All of the premiums were duly paid, and it appears that the insured died from tuberculosis. Defendant insists that the insured was suffering with this disease at the time the insurance was effected and declined to pay the amount sued for. The application represented that insured was in sound health when he applied for the insurance, but there is evidence in the proof of death furnished, tending to show the contrary.

Under our statute (section 6937, R. S. 1909), no misrepresentation made in obtaining a policy of life insurance shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable—that is, to the death of the insured. It is conceded the insured died from tuberculosis a few months after the policy was issued, and it is conceded, too, that the application contained a statement to the effect that he was free from such a malady at the time it was made. The evidence, and the only evidence introduced on the part of defendant, tending to prove that insured was suffering from tuberculosis at the time the application was made and the policy issued, is contained in a statement of one of the attending physicians, made a part of the proof of death. According to this statement of the physician in the proof of death, the insured not only

died of tuberculosis, but was suffering therefrom several weeks before the application for the insurance was made. Of course, the recitals in the proof of death touching this question are to be regarded as conclusive, unless contradicted or otherwise explained, but the evidence may not be regarded as conclusive on this question here, and especially so in view of our statute rendering it one for the jury if there is evidence tending to prove the contrary—that is, that the insured was not suffering from tuberculosis at the time of his application for and the issuance of the policy. The statute above cited (section 6937, R. S. 1909) provides that the question concerning this shall be one for the jury. We apprehend the statute means what it says; but, however that may be, where there is evidence *pro* and *con* on the subject, no one can doubt that the jury alone may determine as to whether or not the condition of the health of the insured at the time the insurance was effected contributed to his death. [See Roedel v. John Hancock Mut. Life Ins. Co., 176 Mo. App. 584, 160 S. W. 44.]

Plaintiff introduced in evidence, as tending to contradict and explain the statement of the attending physician in the proof of death, the report made by defendant's physician—that is, its medical examiner—in connection with and attached to the application for the insurance, in which it appears that such examiner personally inspected the life insured and examined the subject to ascertain his fitness therefor. This report so made by defendant's physician on a personal examination of the insured recites that he had examined his respiratory organs and found them in all respects sound and that he possessed sound health and a good constitution. This was competent and sufficient evidence for the consideration of the jury on this question and the finding concerning it is, therefore, conclusive here. [See Coscarella v. Metropolitan Life Ins. Co., 175 Mo. App. 130, 157 S. W. 873.]

The more difficult question in the case relates to the right of plaintiff to sue on the policy. It is argued the suit should be prosecuted by the administrator or personal representative of the plaintiff's mother, who, it is said, was designated beneficiary in the policy. In order to determine this question, it is essential to state additional facts and consider, too, the provisions of the policy.

Plaintiff, Edward Clarkston, is an infant son of the insured, six or seven years old, and prosecutes the suit by his guardian and curator. He is not expressly named as a beneficiary in the policy, but is within the terms of what is known as a "facility of payment clause," which is parcel of such industrial insurance policies. The policy contains a recital concerning the beneficiary as follows: "Name of beneficiary and relationship to the insured, Jemmia Clarkston—wife." In view of this, it is argued that Jemmia Clarkston, wife of the insured, was designated as beneficiary in the policy, and as she died shortly subsequent to the death of her husband, the suit should be prosecuted by her representatives, and not by the child, Edward Clarkston.

The evidence is clear that Jemmia Clarkston, the insured's wife, and mother of plaintiff, died before the institution of this suit, and it appears, too, that plaintiff is the only remaining member of the family. Under our statute (section 6944, R. S. 1909), so far as relevant here, a policy of life insurance made by an insurance company on the life of any person, expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit, independently of the creditors, executors and administrators of the husband. But even under this statute, if it is stipulated in the policy that the insured and the company may change the beneficiary, it is said the wife obtains no vested interest in the insurance—that is, of course, provided the beneficiary be changed before the death of the

insured occur.    [See Robinson v. New York Life Ins.
Co., 168 Mo. App. 259, 153 S. W. 534; Eves v. Sovereign Camp, Woodmen of the World, 153 Mo. App. 247,
254, 255, 133 S. W. 657.]    It is, therefore, competent
for the parties, on entering into the contract of insurance, even though the wife is designated as beneficiary, to stipulate that her interest shall not be a
vested one, and it is clear, in any view of the case here,
that Jemmia Clarkston did not acquire a vested interest in the insurance in suit, and this is true though her
husband, the insured, died before she.    This is said,
however, in view of the provision in the policy that
though she is named as beneficiary, there appears no
promise whatever to pay her any more than there appears a promise to pay the several other persons
named in the "facility of payment clause."    So much
of the policy as is relevant to this matter is as follows:

"*In consideration* of the payment of the premium
mentioned in the schedule below, on or before each
Monday, *Doth Hereby Agree,* subject to the conditions
below and on page 2 hereof, each of which is hereby
made a part of this contract and contracted by the
assured to be a part hereof, and with the privileges
and concessions to policy-holders on pages 2 and 3
hereof, which are hereby made part of this contract, to
pay as *An Endowment,* to the insured named below,
on the anniversary of this Policy next after he or she
shall have passed the age of seventy-nine years, upon
surrender of this Policy and all Receipt Books, the
amount stipulated in said schedule; *And Doth Further
Agree,* subject to the conditions aforesaid, if the insured shall die prior to the date of the maturity of the
Endowment, to pay upon receipt of proofs of the death
of the insured made in the manner, to the extent and
upon the blanks required herein, and upon surrender
of this Policy and all Receipt Books, the amount stipulated in said schedule.    Provided, however, that no
obligation is assumed by the Company prior to the

date hereof, nor unless on said date the insured is alive and in sound health. In case of such prior death of the insured the Company may pay the amount due under this Policy to either the beneficiary named below or to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this Policy have been satisfied.

"Name of beneficiary and relationship to the insured, Jemmia Clarkston—wife."

On scrutinizing the terms of the policy above copied, it appears, first, that defendant insurance company agreed to pay the insured as an endowment the amount specified in the schedule referred to on the anniversary of the policy next after he had attained his seventy-ninth year. This portion of the policy is unimportant at the moment. So much of the policy as is immediately relevant is to be found in the second agreement therein set forth, commencing with the italicized words *"And Doth Further Agree."* By this provision the company agrees that if the insured shall die prior to the date of the endowment, to pay, etc. But nothing is contained therein which expresses a promise to pay to the beneficiary subsequently named —that is, Jemmia Clarkston, wife—any more than it expresses a promise to pay to the several other persons mentioned in the facility of payment clause. A promise appears to be made on the part of the company to the insured to pay, but to whom the payment shall be made in event of his death is not expressly stated. Then follows what is commonly known as the "facility of payment clause," to-wit: "In case of such prior death of the insured the Company may pay the amount

due under this Policy to either the beneficiary named below or to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this Policy have been satisfied. Name of beneficiary and relationship to the insured, Jemmia Clarkston—wife.''

As before said, even though Jemmia Clarkston is mentioned as beneficiary, there appears to be no promise to pay to her, any more than there is to pay to the other persons named in the clause last copied, and the entire ''facility of payment clause'' seems to be designed to permit the company to pay to any one of the persons therein named and acquit itself of further responsibility on the policy. Such is the plain import of the ''facility payment clause,'' and it is equally as clear that the wife, Jemmia Clarkston, though mentioned as beneficiary, acquired no vested interest in the policy, exclusive of the other persons mentioned. Even had she lived, payment to any of the others mentioned would have constituted a valid defense against her suit, for the contract expressly authorizes such. This being true, it is clear enough that, though Jemmia Clarkston survived her husband and died before the institution of this suit, no right of action on the policy passed to her administrator or personal representatives, to the exclusion of the present plaintiff, the child of the insured, who is likewise within the ''facility of payment clause'' and survived the death of both parents.

Had payment been made to Jemmia Clarkston in her lifetime, it would have furnished defendant a complete defense under the ''facility of payment clause,'' for she was one mentioned to whom payment might be made in settlement of the entire claim, but, having died

before payment, her interest was not a vested one, for the terms of the contract disclose otherwise, as she stood in no more favorable position than plaintiff and others mentioned in the ''facility of payment clause.'' This is obviously true, for there appears to be no agreement whatever in the policy requiring the company to pay the insurance money to her. [See Metropolitan Life Ins. Co. v. Schaffer, 50 N. J. L. 72.] Therefore, the argument that no one save the personal representatives of Jemmia Clarkston may prosecute this suit on the policy, which proceeds on the theory that she enjoyed a vested interest. therein at the time of her death, is without avail.

But though such be true, the next inquiry is: May plaintiff, the sole surviving heir of the insured, prosecute this suit on the policy, which contains no express promise to pay to him? The question presented is beset with difficulties. Especially is this true in view of the fact that it appears the promise vouchsafed in the policy was made to the insured without designating any particular person to be the recipient of its benefit. In such circumstances, the benefit, no doubt, inures to his estate. It would, therefore, seem that the sound law on the subject, if we are to look alone to the contract of the parties, suggests the suit should be prosecuted by the administrator or personal representative of the insured, to whom the promise was made. Such is the view of the Supreme Judicial Court of Massachusetts, expressed in Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52; and, likewise, of the Supreme Court of New York, declared in Wokal v. Belsky, 65 N. Y. Supp. 815.

But there are considerations of public policy which attend these transactions, involving industrial insurance in small amounts among the poorer people, which should be reckoned with in an endeavor to effectuate the intention of the parties. The policies of this character usually amount to no more than some two or

three hundred dollars, and they are carried by weekly payment of a small stipend in order to furnish available means for burial purposes or to relieve other misfortune, by persons who have no estate to administer through the probate court. When these facts are considered, it would appear to be a harsh rule to deny a recovery on a policy to a proper party when a payment to him would constitute a complete satisfaction of the contract and forever discharge the obligor from further responsibility thereon, for no other reason than that administration had not first been taken out on the estate of the insured. Especially is this true when it is remembered that the cost of the administration and the inconvenience incident to it would quite consume the amount of the insurance and delay, too, its collection beyond the day contemplated by the parties for the beneficent employment of the fund. In this view, the courts incline to effectuate the purpose of the insurance in order to enable the parties to accomplish the end originally intended in contracting it. The industrial policies are, therefore, liberally interpreted and such a construction placed thereon, if possible, as will require payment without the expense and inconvenience of an administration upon an estate, when at the same time the interests of the insured and company may be protected against further liability on the policy. The case of Renfro v. Metropolitan Life Insurance Co., 148 Mo. App. 258, 129 S. W. 444, is highly illustrative of the course of decision.

Looking, then, at the policy with this thought in mind, it would seem that the judgment in the instant case should be sustained on the theory that plaintiff sues on a promise made to his father for his benefit, even though he is not expressly named in the policy as a beneficiary in the sense that there is an express promise to pay him the amount of the insurance. No one can doubt that a promise made by one person to another for the benefit of a third may be sued upon

and enforced by such third person in whose favor the promise was intended to yield. [Rogers v. Goonell, 51 Mo. 466; Ellis v. Harrison, 104 Mo. 270, 16 S. W. 198.] Here, the promise was made by the insurance company to plaintiff's father, the insured, without an express agreement on the part of the company to pay the fund to any particular person, it is true. But the "facility clause" above copied provides that the company may pay the amount due under the policy to either the beneficiary—that is, evidently Jemmia Clarkston, now deceased—or to the executor or administrator, husband or wife or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial, and the production of a receipt, signed by either of said persons, shall be conclusive evidence that all claims under this policy have been satisfied. Manifestly, plaintiff, the only surviving child of the insured and his wife, the named beneficiary, now deceased, is one of the parties for whose benefit the promise was made by defendant to the insured. It appears, too, in the record that no one other than he, of all of those mentioned in the "facility clause," has asserted any claim whatever to the fund. The insured was a poor colored man who left no estate, and there is no administrator. In such circumstances, the right of this child to sue should be sustained as if he were designated in the policy, for it is entirely clear that he is the only survivor of those for whose benefit the promise was made. The case is one where no specific beneficiary with a vested interest is designated in the policy and, therefore, similar to that of Western & Southern Life Ins. Co. v. Galvin, 24 Ky. Law 444, 68 S. W. 655, where the court allowed a recovery by the husband and child of the insured under the "facility of payment clause."

It will, no doubt, be said of this conclusion that the

companies engaged in this character of business may be subjected to several different suits on policies instituted by several different parties falling within the terms of the "facility of payment clause" and, therefore, calamitous results entailed. Of this it is sufficient to suggest that much of the difficulty thus anticipated may be entirely removed by inserting in the policies more specific provisions as to whom the payment shall be made. Then, too, when several claimants come forward, concerning the same insurance, all embarrassment may be overcome by making payment to the one who seems to be justly entitled thereto, for no one can doubt that a payment made in good faith to any of the parties mentioned in the clause and in accordance with the terms of the policy is a complete acquittance of further annoyance in respect of that subject-matter. But other cases may be disposed of on their particular facts as they arise. However this may be, what has been said is to be interpreted and considered only on the facts of the instant case, for here it appears that plaintiff is the only party now living for whose benefit the promise was made and, manifestly, he may enforce it.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.