## New York Life Ins. Co. v. Gresham.

(Division A.  May 7, 1934.)

[154 So. 547.  No. 31135.]

Watkins & Eager, of Jackson, for appellant.

Moody & Johnson, of Indianola, for appellee.

**Cook, J.**, delivered the opinion of the court.

Appellee filed this suit in the circuit court of Sunflower county against the appellant, New York Life Insurance Company, seeking to recover the benefits provided for total and permanent disability in a life insurance policy issued by the appellant to her. The declaration alleged the execution and delivery of the policy, and that the appellee became totally and permanently disabled so as to entitle her to permanent disability benefits thereunder from and after March 1, 1931; that the appellant, upon proof, paid the disability benefits provided by the policy from March, 1931, to March 1, 1932, but thereafter refused to make further payments. By this suit she sought to recover the monthly benefits from March 1, 1932, to the date of the filing of the suit.

To this declaration the appellant interposed a plea of the general issue, and upon these pleadings the trial proceeded. The appellee offered evidence to establish that she was totally and permanently disabled within the meaning of the provisions of the policy. On cross-examination of the appellee, the appellant undertook to show that between September 27, 1928, the date of her

application for the policy, and October 16, 1928, the date of the delivery thereof and the payment of the first premium, she had consulted physicians and had undergone a surgical operation for physical defects, which afterwards contributed materially to her disability. The court below excluded this evidence, and also all testimony in reference to the contents of the written proof of disability furnished by the appellee to the appellant, wherein the fact that she had secured medical and surgical treatment before the delivery of the policy was set forth. Thereupon, by permission of the court, the appellant filed a special plea averring that between the date of the written application for the policy and the delivery thereof the appellee had consulted physicians and had undergone a surgical operation, and that, consequently, under the express provisions of the application, which was a part of the policy, the disability provisions of the policy were never in force or effect, and were null and void from their inception. The provision of the application set forth in this special plea as the basis of the charge that the disability provisions of the policy never became effective reads as follows:

"It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination; provided, however, that if the applicant, at the time of making this application, pays the agent in cash the full amount of the first premium for the insurance applied for in Questions 2 and 3 and so declared in this application and receives from the agent receipt therefor on the receipt form which is attached hereto, and if the Company, after medical examination and investigation, shall be satisfied that the applicant was at the time of making this application, insurable

and entitled under the Company's rules and standards to the insurance, on the plan and for the amount applied for in Questions 2 and 3,. at the Company's published premium rate corresponding to the applicant's age, then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for from and after the time this application is made, whether the policy be delivered to and received by the applicant or not.''

The appellee demurred to this special plea on the ground that the policy sued on was dated so as to take effect as of July 24, 1928, and that the plea presented no defense to the cause of action. The court sustained this demurrer, and at the conclusion of the testimony offered to show the nature and permanency of the disability of the appellee, which was undisputed, instructed the jury to return a verdict in her favor for the full amount sued for.

The appellant seeks a reversal on the ground that the court erred in sustaining this demurrer to the special plea and in sustaining objections to the evidence offered to establish the facts set up therein.

The application which was attached to and made a part of the policy was written and executed on September 27, 1928, but provided that the policy should be dated ''as of July 24, 1928,'' and the policy which was signed on October 16, 1928, provided that it should take effect as of July 24, 1928, which day should be the anniversary of the policy, with premiums payable annually from and after that date. The provision of the application relied upon as a defense in this special plea was the agreement therein that the insurance applied for should ''not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by a physician since his medical examination. . . .'' The plea charged

the fact to be that, between the date of this application and the delivery of the policy, the applicant had consulted and been treated by physicians, and had undergone a surgical operation, and that the appellant had no notice or knowledge of these facts at the time of the delivery of the policy.

Practically an unbroken line of authorities from this and other jurisdictions hold that this provision, or one similar in legal effect, is binding, valid, and enforceable. The exact provision here involved does not appear to have been previously considered by this court, but it has frequently considered a similar provision that the policy should not take effect unless and until the first premium had been paid, and the policy delivered to the applicant during his continued good health. In the case of Fidelity Mutual Life Ins. Co. v. Elmore, 111 Miss. 137, 71 So. 305, the validity of such a provision was upheld, but, in construing the provision, the court held that the statement in the application in reference to continued good health merely required that the health of the applicant should not undergo any change for the worse between the date of the application for and the delivery of the policy. In discussing the question, the court said:

"First, as to the contention that the policy never had any validity, because it was admitted that the insured was not in good health at the time the policy was delivered, we think the statement in the application to this effect merely means that the defendant's health had not undergone any change between the date of the application for and the delivery of the policy. In other words, if at the time the policy was delivered the insured's health had changed, and the insured was aware of the fact, it would have been his bounden duty to have disclosed the fact; but if neither the insured nor the company knew of this changed condition of insured's health when the policy was delivered, the 'continued good health' clause in the application is saved by the terms of the

policy itself, and the company will not be permitted to contest the payment of the policy, unless it can show that the insured fraudulently concealed the fact that he was not in good health when he received the policy."

In Mutual Life Ins. Co. v. Shoemake, 126 Miss. 497, 89 So. 154, 155, in discussing the provision that a policy should not take effect unless and until the first premium had been paid during the applicant's good health, and unless also the policy had been delivered to and received by the applicant during his continued good health, the court said: "One of the assignments of error brings under review the refusal of the court below to direct a verdict for the appellant. The ground on which this ruling is sought to be upheld by the appellee is that, the policies having been issued and forwarded to Edwards for delivery, the contract of insurance was consummated and the policies became effective when the premium to be paid thereon was tendered by Holster to Edwards. In the absence of an agreement to the contrary, the acceptance of an application for insurance, when communicated to the insured, consummates the contract without an actual delivery of the policy. Insurance Co. v. Herron, 56 Miss. 643. But in the case at bar the appellant's acceptance of the application for insurance was not communicated to Shoemake, and, in addition, the application expressly provides that the policies should not become effective unless and until delivered to and received by Shoemake while in good health. Consequently, unless they were so delivered and received, the policies did not become effective."

In National Life & Accident Ins. Co. v. Hugger, 158 Miss. 686, 131 So. 75, the syllabus is as follows: "A stipulation in an insurance policy, viz.: 'No liability is assumed by the Company prior to the date hereof, nor unless on said date and delivery of this policy the first payment has been legally made and the applicant is then in sound health,' imposes no liability upon the company in

case of death if, at the time of the delivery of the policy, the insured was not, in fact, in sound health, and the company did not know of the existence of any disease in the insured; and there is no liability where, at the time of the delivery of the policy, the insured was afflicted with an incurable disease which caused his death.'' See, also, New York Life Ins. Co. v. Smith, 129 Miss. 544, 91 So. 456; Stipcich v. Metropolitan Life Ins. Co. (D. C.), 8 F. (2d) 285; Fitzgerald v. Metropolitan Life Ins. Co., 90 Vt. 291, 98 A. 498; Prahm v. Prudential Ins. Co., 98 N. J. Law, 335, 120 A. 918; Gordon v. Prudential Ins. Co., 231 Pa. 404, 80 A. 882; 1 Couch on Insurance, sec. 130 A.

The identical provision that is here involved has been frequently considered by the courts of other jurisdictions and held to be valid and enforceable. Practically the identical situation as exists in the case at bar arose in the case of Subar v. New York Life Ins. Co., 60 F. (2d) 239, 240, in an opinion rendered by the Circuit Court of Appeals, Sixth Circuit. In that case the application for insurance, which is in the identical language as the one in the case at bar, was signed on May 6, 1929, the policy was issued on May 24, 1929, and was delivered and accepted on July 3, 1929, and carried an express provision that the insurance should take effect as of May 6, 1929, ''which day is the anniversary of the policy.'' The evidence showed that the applicant had consulted a physician on May 27, 1929, and the court held that the policy was inoperative, using the following language:

''The provision in the application that the policy should not take effect upon delivery if the insured had consulted a physician since his medical examination became a part of the contract for insurance. (Citing authorities.) . . .

''Appellants seek to avoid the effect of this application provision upon the ground that each policy stated that it should take 'effect as of the 6th day of May, 1929, which day is the anniversary of the policy.' That provision,

however, is to be read in the light of other provisions, one of which fixed as a condition upon which the policies should become effective—as of May 6, 1929, of course—that the insured had not consulted or been treated by a physician since his medical examination. This last-mentioned provision plainly meant that the insurance should not take effect on May 6, 1929, or at all if the insured had either consulted or been treated by a physician since his medical examination. It is not denied that the insured did consult a physician, so the question is whether, in view of that circumstance, this provision operated to prevent the policies from taking effect.

"The question is ruled, we think, by the doctrine announced in Stipcich v. Metropolitan Life Insurance Co., 277 U. S. 311, 48 S. Ct. 512, 515, 72 L. Ed. 895, where it was said that insurance companies 'may stipulate, as is not unusual, that the insurance shall not attach on delivery of the policy unless the insured is in good health.' A contract of insurance, as has been frequently held, rests upon and is controlled by the same principles of law applicable to other contracts, and the parties may stipulate and agree that it shall be effective at a given time, or upon the happening of a designated event, or shall not be effective at all if there occurs a specified intervening event. (Citing authorities.) The point to be decided in accordingly not one of fraud or misrepresentation, but of contract law where the parties agreed that the insurance should not take effect upon the delivery of the policy and the payment of the premium if the insured consulted a physician after his medical examination. We know of no rule of law which renders such a provision ineffective."

The same provision has also been upheld in the cases of Hurt v. New York Life Ins. Co. (C. C. A. Tenth Circuit), 51 F. (2d) 936; De Roy v. New York Life Ins. Co. (D. C.), 52 F. (2d) 894; New York Life Ins. Co. v. Gist (C. C. A. Ninth Circuit), 63 F. (2d) 732; Jenson v. New

York Life Ins. Co. (C. C. A. Eighth Circuit), 59 F. (2d) 957; New York Life Ins. Co. v. Griffith (C. C. A. Tenth Circuit), 35 F. (2d) 945; New York Life Ins. Co. v. Watkin, 229 App. Div. 211, 241 N. Y. S. 441.

In support of the judgment of the court below the appellee contends, however, that the provision of the application that the policy should take effect only in the event the applicant had not consulted or been treated by a physician since her medical examination was eliminated by an amendment of the application, reading as follows:

"The New York Life Insurance Company will please accept the following answers in lieu of the answers to the corresponding questions in my application for insurance, dated the 27th day of Sept., 1928.

"Question. It is understood and agreed that the Ins. is No. —— written with cons. from July 24, 1928, to Sept. 24, 1929, Prem. Payable Ann. thereafter, and I hereby agree that the above answers shall form a part of my said application for insurance, the agreement in which I hereby renew and confirm, and shall apply to any policy issued thereon."

We do not think this amendment was intended to, or had the effect of, eliminating or superseding this provision of the application. The original application provided that the policy when delivered and accepted should be effective as of July 24, 1928, and the apparent purpose of this amendment was to express the understanding and agreement of the parties that such antedating of the policy was supported by a consideration, and to definitely fix the annual premium date. This provision of the policy, that it should "take effect as of the 24th day of July, 1928, which day is the anniversary of the policy," must be read in the light of the further provision that it should not become effective at all if the applicant had consulted or been treated by a physician since her medical examination. The latter provision clearly means that the insurance should not take effect on July 24, 1928,

or at all, if the applicant had either consulted or been treated by a physician since her medical examination. Subar v. New York Life Ins. Co., supra.

The appellee also contends that the provision of the application hereinbefore discussed does not relate specifically to the portions of the policy providing benefits for total and permanent disabilities, and therefore the policy is incontestable under the provisions of any agreements in the application; or, in other words, "the defendant can contest its liabilitity under any of the provisions and conditions set forth in regard to total and permanent disability, but cannot contest its liability under any of the other provisions of the policy, or of the application." We do not think there is merit in this contention. The policy provides that the contract was made in consideration of the application, and that "the policy and the application therefor, copy of which is attached hereto, constitute the entire contract." The application is a part of the entire contract, and the provisions thereof and agreements therein contained apply to all benefits therein provided. The provisions and conditions relating to disability and double indemnity benefits are expressly excepted from the incontestable clause of the policy, which reads as follows: "This Policy shall be incontestable after two years from its date of issue except for nonpayment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

Finally, the appellee contends that the written proof of disability and other evidence offered by appellant, which was excluded at the instance of the appellee, showed facts which constituted a waiver of the provision of the application in reference to the conditions under which the policy should be ineffective, and for that reason the right result has been reached, and, under rule 11 of this court, the judgment should therefore be affirmed. In avoidance of the defense set up by the appellant in its

special plea, the appellee did not plead a waiver, but met the plea with a demurrer, which was erroneously sustained. Upon the record as now before us, we express no opinion as to whether, on the asserted facts, there was a waiver of the provision of the policy in question, and we are not warranted in saying that the appellant could make no reply or defense to the asserted waiver. The judgment of the court below will therefore be reversed and the cause remanded for a trial upon pleadings properly presenting the contested issues.

Reversed and remanded.