CHARLES H. WILSON, Appellee, v. EQUITABLE LIFE INSURANCE COMPANY of Iowa, Appellant.

No. 42997.

322

Phineas M. Henry, and Beard & Beard, for appellant.

Frank F. Wilson, for appellee.

ALBERT, J.—On the 6th day of February, 1925, a written contract of insurance was entered into between the plaintiff and the defendant. This policy covered not only insurance on the life of the plaintiff, but provided for total and permanent disability benefits. This policy was the basis of plaintiff's cause of action.

In the second division of the defendant's answer it was pleaded that certain false and fraudulent statements were made in the application on which the policy was issued; that defendant relied on the truth of such statements, and that the same were untrue; that the defendant would never have issued the policy with the disability benefits had it known that these statements were untrue. To this division of the answer plaintiff demurred, stating, among other grounds, that in paragraph 2 of said policy, referring to benefits, it was provided:

''2. Incontestability. This policy shall be incontestable after one year from the date of issue, except for non-payment of premium and except as provided in paragraphs 14 and 15 relating to Disability benefits.''

It is therefore contended that the matters set out in the aforesaid division 2 of the answer are foreclosed and not available to the defendant as a defense. This gives rise to the only question involved in this appeal.

Paragraphs 14 and 15, referred to in the above division of the policy, read as follows:

"14. TOTAL AND PERMANENT DISABILITY BENEFITS.

"Whenever the Company shall receive due proof, during the continuance of this policy and before default in payment of premium or within sixty days after such default, that the insured has become totally disabled by bodily injury or disease, after the delivery of this policy and before its anniversary nearest the insured's sixtieth birthday, so that he will thereby be permanently, wholly and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days, the Company will thereupon grant the following benefits:

"(a)   Waiver of premium.

"On each anniversary during the continuance of such disability, commencing with the anniversary of· the policy next succeeding the receipt of such proof, waive payment of the premium for the ensuing policy year.

"(b)   Monthly income.

"Pay to the insured, with the written consent of the assignee, if any, a sum equal to $10 for each $1,000 of the face amount of the policy (excluding dividend additions) as shown on the first page hereof and a like amount each month thereafter during the continuance of such disability until the maturity or surrender or expiration of this policy.

"The face amount of the policy shall not be diminished on account of any premium waived or disability income payment made, nor shall such waived premiums or income payments be deducted in any subsequent settlement of the policy, and the loan and cash surrender values will be the same as if each premium waived had been paid in cash when due.

"The provisions of paragraphs 11, 12 and 13, 'Dividends and How Applied,' 'Paid-up and Endowment Options,' and 'Privilege to Change to other Forms,' shall be inoperative in the event of the total and permanent disability of the insured.

"MISSTATEMENT OF AGE.

"In case the age of the insured has been misstated the amount of the disability income payable hereunder shall be such as the premiums actually paid therefor would have purchased at the correct age.

"RECOVERY FROM DISABILITY.

"The Company may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability and upon failure to furnish such proof, or if it appears that the insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor income payments made.

"SPECIFIC CAUSES.

"In addition to and independently of all other causes of total and permanent disability, the entire and irrecoverable loss of the sight of both eyes or the severance of both hands at or above the wrists, or of both feet at or above the ankles, or the similar loss of one hand and one foot, shall be considered as constituting total and permanent disability within the meaning of this contract.

"15. DISCONTINUANCE OF DISABILITY BENEFITS.

"The provisions for the Disability benefits herein set forth and the Special premium therefor stated on the first page of this policy shall terminate:

"(a) Upon the anniversary of the policy nearest the sixtieth birthday of the insured, but in no event shall the special premium extend beyond the date stipulated on the first page hereof; or

"(b) In the event that the insured shall engage in military or naval service in time of war, or as a civilian shall engage in Red Cross service or other relief work in connection with actual warfare, or shall participate in aeronautic or submarine operations; or

"(c) At any time on the written request of the insured accompanied by the policy for endorsement."

It is insisted by the defendant that it has a right to make the defense set out in said division 2, because such matters are not excluded by the aforesaid incontestability provision.

It is, of course, fundamental that insurance contracts prepared by the companies are to be strictly construed in favor of the insured where there is ambiguity in the language used. On the other hand, it is equally well-settled that if there be no ambiguity in the contract there is no right or duty on the part of the court to write a new contract of insurance between the parties. We elaborated this doctrine quite fully in the case of

Jones v. Hawkeye Commercial Men's Association, 184 Iowa 1299, 168 N. W. 305, 11 A. L. R. 380. Or, to state the matter in another way, where the contract is clear and understandable, the aforesaid rule of construction has no application. The first question, therefore, is whether or not it can be ascertained from the language used what the intent of the parties was, and if so, no rules of construction are necessary.

Referring now to the incontestability clause, it will be noticed that the policy is incontestable after one year from the date of its issuance, except (1) for nonpayment of premium, and (2) as provided in paragraphs 14 and 15 relating to disability benefits. With the first ground just stated we are not concerned. The question is on the second ground. Analyzing this sentence, the policy was made incontestable except "*as provided in paragraphs 14 and 15.*" Passing the question of nonpayment of premium, what grounds of contest against the policy are excepted by this clause? The only way to determine this question is by careful scrutiny of the aforesaid paragraphs 14 and 15, and whatever the grounds of contest are, they are reserved to the company, and, of course, would be available to it; and if it now asserts grounds which are not reserved to it under the aforesaid phraseology, then it cannot rely on them as a defense.

Turning to the aforesaid paragraphs 14 and 15, we summarize paragraph 14 as follows:

The first paragraph provides for total disability in case the insured is "totally disabled by bodily injury or disease * * * so that he will thereby be permanently, wholly and continuously prevented from engaging in any occupation whatsoever for remuneration or profit," etc. The first subdivision of said paragraph provides for a waiver of premium. The second subdivision provides for monthly income, and provides, further, that the waived premiums, etc., shall not diminish the policy. The next subdivision provides that certain other provisions of the policy shall be inoperative in event of total and permanent disability of the insured. Another subdivision provides that in case of misstatement of age the disability income shall be such as the premiums actually paid would have purchased at the correct age. It is provided that the company may demand proof of continued disability. It is then provided that certain things shall be considered as constituting total and permanent disability.

Paragraph 15 provides that disability benefits shall terminate (1) upon the anniversary of the policy nearest the sixtieth birthday of the insured; (2) in the event the insured shall engage in military or naval service in time of war, or as a civilian in the Red Cross service or other relief work in connection with actual warfare, or shall participate in aeronautics or submarine operations.

Having reviewed the substance of paragraphs 14 and 15, it would seem that the only grounds reserved to the company to contest the validity of said contract (aside from misstatement as to age) are (1) that the policy is terminated because the insured has passed his sixtieth birthday; or (2) that he has engaged in military or naval service in time of war, or has engaged in the Red Cross service, or other relief work in connection with actual warfare, or has participated in aeronautics or submarine operations. But are these matters to be considered as grounds for contesting the policy? Are they not, on the other hand, grounds on which the company, in making claim thereunder, is not contesting the policy, but is asking for its enforcement? In other words, to illustrate, when sued on the policy the company answered by saying, as a defense, that the plaintiff suffered his injury or disability while he was engaged in military or naval service in time of war. As so pleaded, the company would not be contesting the policy, but asking the enforcement of its specific contract, to wit, that the court declare the policy terminated by reason of the matters thus pleaded. If this be the true interpretation of this situation, then there are no exceptions in the aforesaid paragraphs 14 and 15 to which the incontestability clause should apply. To put it another way, if the company, in writing the policy, has not reserved to itself in said paragraphs 14 and 15 the right to contest the validity of the policy in the first instance, then the exception provided in the incontestability clause has no force and effect as a practical proposition, and it must follow, as a natural consequence, that the company, having not reserved to itself in paragraphs 14 and 15 the right to contest the policy on the grounds of fraud in its inception, the ruling of the district court was right in sustaining the demurrer and striking the aforesaid matters from the pleading. There is no question that in the preparation of this policy, the company could have reserved to itself, in the absence of statutory prohibition, the right to contest the same on any

ground it saw fit, and it has attempted to exercise that right in the above-quoted provisions from said policy. We find nothing in the provisions of said policy which reserves to the company the right to contest the validity of the policy on the ground of fraud or misrepresentation in the acts of the party leading up to the issuance of the policy, and having not reserved these matters in the incontestability clause, the incontestability clause must stand as written, and, more than a year having passed after the date of the issuance of the policy, the defense of fraud and misrepresentation in the original procurement of the policy is not available to the defendant as a defense.

As a matter of fact, there were issued here two policies of insurance, one being a life insurance policy, the other a policy covering total and permanent disability benefits. Greber v. Equitable Life Assur. Soc. of United States (Ariz.) 28 P.(2d) 817. All the provisions with reference to the total and permanent disability benefits are not covered in paragraphs 14 and 15 of the policy. Exhaustive briefs have been filed by both parties, and among the leading cases cited by the respective parties on the question of whether or not the matters set out in division 2 of the answer amount to a contest of the policy are the following: Illinois Bankers Life Assn., v. Byassee, 169 Ark. 230, 275 S. W. 519, 41 A. L. R. 379; John Hancock Mut. Life Ins. Co. v. Hicks, 43 Ohio App. 242, 183 N. E. 93; Brady v. Prudential Ins. Co., 168 Pa. 645, 32 A. 102; Scales v. Jefferson Standard Life Ins. Co., 155 Tenn. 412, 295 S. W. 58, 55 A. L. R. 537; Myers v. Liberty Life Ins. Co., 124 Kan. 191, 257 P. 933, 55 A. L. R. 542; Mack v. Connecticut General (C. C. A.) 12 F.(2d) 416; Id., 271 U. S. 687, 46 S. Ct. 638, 70 L. Ed. 1152; Stean v. Occidental Life Ins. Co., 24 N. M. 346, 171 P. 786; Jolley v. Jefferson Standard Life Ins. Co., 199 N. C. 269, 154 S. E. 400. On the general proposition involved, see Ness v. Mutual Life Ins. Co. (C. C. A.) 70 F.(2d) 59; Kiriakides v. Equitable Life Assur. Soc. of United States, 174 S. C. 140, 177 S. E. 40; Dibble v. Reliance Life Ins. Co., 170 Cal. 199, 149 P. 171, Ann. Cas. 1917E, 34; Millis v. Continental Life Ins. Co., 162 Wash. 555, 298 P. 739; Conn. General Life Ins. Co. v. Brandstein, 233 App. Div. 723, 249 N. Y. S. 1018; Scott v. New England Mutual Life Ins. Co., 127 Neb. 724, 256 N. W. 910; Kaffanges v. New York Life Ins. Co. (C. C. A.) 59 F.(2d) 475; New York Life Ins. Co. v. Gresham, 170 Miss. 211, 154 So. 547; Greber v. Equitable Life Assur. Soc. of United

States (Ariz.) 28 P.(2d) 817. In the consideration of these and numerous other cases cited we find somewhat of a divergence of opinion, as in some of the cases the question is controlled by statute, but after a careful review of all the cases cited, we reach the conclusion herein set out. The district court, therefore, was right in sustaining the demurrer to the answer and striking said matters therefrom.—Affirmed.

KINTZINGER, C. J., and DONEGAN, MITCHELL, POWERS, RICHARDS, and HAMILTON, JJ., concur.