Hillsborough, ⎱
Jan. 5, 1937. ⎰

PENN MUTUAL LIFE INSURANCE CO.

*v.*

JAMES M. KELLEY *& a.*

352

*Wyman, Starr, Booth, Wadleigh & Langdell*, for the plaintiff.

*Aloysius J. Connor*, for the defendants.

BRANCH, J. Although the defendants still insist that the bill should be dismissed because the plaintiff has an adequate remedy at law, it was stated at the argument that both parties desired a decision upon the controlling question of substantive law here presented. We, therefore, proceed at once to a consideration of the question whether the supplemental agreement is now contestable.

The provisions of the policy and supplemental agreement here involved read as follows: from the policy, "INCONTESTABILITY— This policy shall be incontestable after it has been in force during the lifetime of the insured for a period of one year from its date of issue except for non-payment of premiums." From the supplemental agreement: This supplemental agreement "shall be deemed to include the provisions of the Policy relating to change of beneficiary, assignment, payment of premiums, grace in payment of premiums, reinstatement, incontestability, policy and application entire contract, alterations, age and suicide, except (1) that the provision of the Policy entitled incontestability is hereby changed to read as follows: 'This Policy shall be incontestable after it has been in force during the lifetime of the insured for a period of one year from its date of issue except for nonpayment of premiums and except as to any provisions relating to disability benefits contained in any supplemental agreement attached to this Policy'." Both the policy and the supplemental agreement had been in force more than two years when defendant's claim for total disability was made under the latter and allowed by the plaintiff. In the light of the foregoing provisions the court made an unqualified ruling that "the supplemental agreement is contestable."

Whatever may have been the thought in the mind of the draftsman of the supplemental agreement, his use of the above phraseology cannot be defended. Language better calculated to conceal the intended meaning could hardly be found. The argument of the plaintiff is, in effect, that the intended purpose and actual result of the "except" clause above quoted, was to destroy completely the effect of the incontestability provision of the policy so far as the supplemental agreement was concerned, although it was definitely stated in the preceding line of the agreement that the incontestability provision was included therein. If it was, in fact, the purpose of the plaintiff to accomplish this result by adopting this form of words, it is difficult to avoid the conclusion that it intended to conceal its purpose and to deceive the policy holder. To say "this agreement shall be incontestable after one year except that it shall at all times

be contestable for any cause" would have been too crude to escape notice, but it is precisely the meaning which we are asked to give to the language of the supplemental agreement. Stated in another way, the plaintiff's argument is that no effect is to be given to the statement that this supplemental agreement "shall be deemed to include the provisions of the Policy relating to . . . incontestability" because it is inconsistent with the "except" clause which immediately follows. The well recognized rule of construction that all the language of a written instrument shall be given effect, if possible, (*Baldwin* v. *Insurance Co.*, 60 N. H. 422, 425) precludes the adoption of this argument. "A reasonable person in the position of the insured would have understood" (*Watson* v. *Company*, 83 N. H. 200, 202) from the reference to the provision of the policy relating to incontestability that some measure of incontestability was provided in regard to the supplemental agreement. If it can be made effective for this purpose without nullifying the "except" clause, it must be so construed. We think that a reasonable construction of all the language of the supplemental agreement accomplishes this result.

The case was argued by both parties largely upon the assumption that "incontestability" has reference only to a contest as to the initial validity or voidability of the contract and not to defences based upon a subsequent breach of the terms of the policy. This is not the true significance of the term. "The term 'incontestable,' as so used, means indisputable, and amounts to an agreement by the insurer that no objection shall be taken to defeat the policy on the death of the insured." 5 Cooley, Briefs on Insurance (2d *ed.*) 4483. "It logically follows; therefore, that inasmuch as incontestable clauses are not against public policy, and are valid and enforceable, every defense within the terms of or covered by such clauses or which is not excepted therefrom is precluded if not taken advantage of before the clause becomes operative in favor of assured." 5 Joyce, Insurance, *s.* 3733 (b). For an exhaustive collection of the cases sustaining the conclusion above stated, see *Indiana National Life Ins. Co.* v. *McGinnis*, 180 Ind. 9. Assuming then the incontestability clause in the policy was specifically included in the supplemental agreement, and that its effect was to bar every defence not excluded therefrom unless invoked within one year, we come to the question, what defences were excluded therefrom by the "except" clause; and specifically what meaning shall be attached to the words "except as to any provisions relating to disability benefits?"

The "provisions" of the supplemental agreement relating to dis-

ability benefits specify a number of potentially important grounds of defence, among which are the following: (1) that the claimed disability had its inception after the insured became 61 years of age, (2) that the insured had entered military service in time of war, (3) that the disability of the insured was voluntarily inflicted, and (4) if the insured were a woman, that she had married. These and other defences based upon the "provisions relating to disability benefits" are, we think, open to the plaintiff under the "except" clause. All other defences not based upon "any provisions relating to disability benefits" are barred by the incontestability clause of the policy to which effect must be given. In short, we think that the "except" clause should be construed to read, "Except as to any provisions relating to disability benefits which furnish grounds for defence." Thus construed, all the language of the policy and the supplemental agreement is given effect.

From the foregoing discussion it follows that, inasmuch as the plaintiff does not base its present prayer for relief upon any of the provisions of the supplemental agreement relating to disability benefits, the defendants' exceptions must be sustained and the plaintiff's bill dismissed.

*Bill dismissed.*

PAGE, J., was absent: the others concurred.