**TERRY et al. v. NEW YORK LIFE INS. CO.**

**No. 11360.**

Circuit Court of Appeals, Eighth Circuit.

June 19, 1939.

**499**

Richard S. Righter, of Kansas City, Mo. (Horace F. Blackwell, Jr., of Kansas City, Mo., Louis H. Cooke, of New York City, and Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the defendants from a decree in equity canceling the double indemnity and the total and permanent disability provisions of a life insurance policy issued by the insurance company upon the life of Homer C. Terry.

The policy in suit was issued October 15, 1928, and delivered to the insured in Missouri. By its terms the insurance company agreed to pay to the named beneficiaries upon receipt of due proof of the death of insured $3500; or, in case such death resulted from accident, $7000. It provided further that if the insured should become totally and permanently disabled before age 60 to pay to the insured a monthly income of $35; but if such disability should result from insanity, payment would be made to the beneficiary in lieu of the insured.

The policy contained an incontestability clause as follows:

"*Incontestability.*—This Policy shall be incontestable after two years from its date of issue except for nonpayment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

Terry, the insured, was a single man at the time the policy was issued. He was afterwards married. In May, 1933, he entered into a Settlement Agreement with the company by the terms of which the proceeds of the policy upon his death should be paid to his wife, Katherine L. Terry, in 144 monthly installments and in case of her death before all the installments were paid then to his son Lynn Clark Terry. In case of the death of both his wife and son, the Agreement provided that the remainder of the payments should be paid in one sum to his sister and brothers, Ruth Pauline Terry, Augustus G. Terry, William F. Terry, Gifford C. Terry and James H. Terry, share and share alike.

The right to change the beneficiaries was reserved in the policy and also in the Settlement Agreement.

William H. Wilson, of Kansas City, Mo. (John T. Harding, David A. Murphy, R. Carter-Tucker, and John Murphy, all of Kansas City, Mo., on the brief), for appellants.

On March 7, 1936, the insured was adjudged to be of unsound mind and his wife, Katherine L. Terry, was by the probate court appointed guardian of his person and curator of his estate. She was thereupon entitled to receive all disability benefits payable under the provisions of the policy in her own right as beneficiary and not in her capacity as guardian.

On December 24, 1936, the insured by his guardian filed a petition at law as plaintiff against the company in the Circuit Court of Jackson County, Missouri, seeking to recover the total and permanent disability benefits accrued under the policy for the period from November, 1934, to December 31, 1936, and for statutory penalties and attorneys' fees. The total amount demanded was less than $3000. The company's answer, filed July 14, 1937, pleaded a general denial, and as an affirmative defense alleged that the insured had been insane during all the period of time for which disability benefits were claimed; that the policy provided that in the event the insured's disability resulted from insanity the disability benefits were to be payable to the beneficiary; and that by reason of these facts the guardian had no interest in the disability benefits and was not a proper party plaintiff.

On February 16,.1938, an amended petition was filed in the action in the state court substantially similar to the guardian's petition of December 24, 1936, except that Katherine L. Terry, individually, was also made a party plaintiff.

The bill in the present suit was filed in the district court February 25, 1937, more than two years after the date of the policy. In this suit Katherine L. Terry, both as guardian of the insured and individually, was made a defendant. Lynn Clark Terry, a minor, is also joined as a defendant. The company prayed in substance for the cancellation of the double indemnity and the total and permanent disability provisions of the policy on the ground of alleged false, incomplete and untrue answers to certain questions in the application for the policy, which amounted to legal fraud; and alleged that it had no adequate remedy at law and that it would suffer an irreparable injury unless afforded relief in equity. No reference was made in the bill to the action then pending in the state court.

The defendants moved to dismiss the bill on the grounds among others (1) that the plaintiff had a full, complete and adequate remedy at law available in the action at law pending in the state court, and (2) that the incontestable clause in the policy had long since expired and that the plaintiff's cause of action was barred by laches. The motion was overruled and the defendants answered denying the alleged fraud and renewing the motion to dismiss upon the grounds alleged in the original motion.

The appeal presents for solution two questions: (1) Does the action at law pending in the state court to recover benefits under the disability provisions of the policy afford the insurance company a full, complete and adequate remedy? and (2) Is this suit seeking cancellation of the double indemnity and disability provisions of the policy barred by the incontestability clause?

First. Does the plaintiff have an adequate remedy at law? Counsel for appellee say it does not have such a remedy for three reasons: (1) Because the adequate remedy at law which will deprive a federal court of jurisdiction is an adequate remedy in the federal court. The fact that plaintiff may have a remedy in an action at law in the state court does not afford it an adequate remedy at law within the meaning of the federal rule.

(2) Because the relief plaintiff seeks is so much broader than the issues raised by the action in the state court that the remedy there would be inadequate even if the action were pending in the federal court.

(3) Because the state court action was not brought by a proper party plaintiff and could not be maintained by her, and hence afforded plaintiff no remedy whatever.

The first contention of the plaintiff insurance company is based upon an erroneous conception of the law. It is now settled that the issue in such a case as this is not one of jurisdiction but is one of the need and propriety of equitable relief. The mere fact that the suit at law which is imminent can be brought only in the state court, or that it is pending there, is immaterial. Cable v. United States Life Insurance Co., 191 U.S. 288, 24 S.Ct. 74, 48 L.Ed. 188; Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Di Giovanni v. Camden Insurance Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Atlas Life Insurance Co. v. W. I. Southern, Inc., 59 S.Ct. 657, 661, 83 L.Ed. ——, decided April 17, 1939. In the Atlas Insurance Co., case the court say: "It is no ground for equitable relief that the suit at law

is brought in a state rather than a federal court, for the insurance company's defense may be protected there as well as in a federal court, and in that case there is no threat of irreparable injury." The real questions for consideration in a case of this kind, as pointed out in the Atlas case supra, are whether there are special circumstances in the case entitling the insurance company to equitable relief; whether there are peculiarities of local procedure which might impair the insurance company's defense; or whether, under local law, a defense once interposed will be sufficient to preserve the insurer's rights for all purposes.

These questions in respect of special circumstances and local procedure are presented by the second and third contentions of appellee. If the inquiry upon these points leads to any doubt as to the adequacy of the insurer's remedy in the law action pending in the state court a federal court of equity will not decline cognizance of the present suit. The plaintiff will not be compelled to speculate upon the chance of its obtaining relief in the action at law. Union Pacific Railroad Company v. Com'rs of Weld County, 247 U.S. 282, 285, 286, 38 S.Ct. 510, 62 L.Ed. 1110; Davis v. Wakelee, 156 U.S. 680, 688, 15 S.Ct. 555, 39 L.Ed. 578; American Life Ins. Co. v. Stewart, 300 U.S. 203, 214, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268. Under the circumstances of this case we have grave doubt as to the adequacy of the remedy afforded by the pending action at law.

With an exception to be noted the rights of none of the beneficiaries named in the policy are vested because the right to change the beneficiary is reserved in the policy by the insured. Clarkston v. Metropolitan Life Ins. Co., 190 Mo.App. 624, 176 S.W. 437, 439; McKinney v. Fidelity Mutual Life Ins. Co., 270 Mo. 305, 193 S.W. 564; Missouri State Life Ins. Co. v. California State Bank, 202 Mo.App. 347, 216 S.W. 785. The exception is in the case of the beneficiary Katherine L. Terry. Under the provision of the policy that "If disability results from insanity, payment will be made to the beneficiary in lieu of the Insured" her right to accrued payments for disability is vested. But her right to future payments is not unalterable. In the event the insured recovers from his present disability her rights cease; and in case the insured should be totally disabled again for some reason other than insanity he will be entitled to the payments.

In State ex rel. National Council of Knights and Ladies v. Trimble, 292 Mo. 371, 239 S.W. 467, 470, the Supreme Court of Missouri say: "it has been expressly decided in this state that after the death of the insured an action in equity to cancel the policy is not the proper remedy, and that when suit has been brought on the policy the insurance company cannot convert the action into a case in equity by alleging fraudulent misrepresentations in the procurement of the policy and praying for its cancellation." This statement of the rule is supported by a long line of Missouri decisions. Schuermann v. Union Cent. Life Ins. Co., 165 Mo. 641, 65 S.W. 723; Kern v. Supreme Council American Legion of Honor, 167 Mo. 471, 67 S.W. 252, 257; State ex rel. John Hancock Mut. Life Ins. Co. v. Allen, 306 Mo. 197, 267 S.W. 832; State ex rel. John Hancock Mut. Life Ins. Co. v. Allen, 313 Mo. 384, 282 S.W. 46; Wollums v. Mutual Ben. Health & Accident Ass'n, 226 Mo.App. 647, 46 S.W.2d 259, 262. In the last case cited the reason for the rule is stated to be "that after the happening of the contingency or event upon which the policy was to become payable, the rights and obligations between the parties become fixed and absolute and the sums insured become a purely legal demand, giving the parties the right to have the issues tried by a jury." These cases also hold that prior to the happening of the contingency the insurance company may maintain a suit in equity to cancel the policy for fraud in its procurement. Here the insured is still living. The insurance company may certainly maintain a suit to cancel the double indemnity provisions of the policy. The rights of none of the beneficiaries are "fixed and absolute" in respect of these benefits. And, except as to disability benefits accrued or accruing on account of the insured's present insanity, the rights of Katherine L. Terry are neither vested nor fixed. Moreover, she did not join in the demand for such benefits in the action in the state court until after the commencement of this suit by the insurance company; and "the settled rule is that equitable jurisdiction existing at the filing of a bill is not destroyed because an adequate legal remedy may have become available thereafter." American Life Ins. Co. v. Stewart, supra, 300 U.S. at page 215, 57 S.Ct. at page 380, 81 L.Ed. 605, 111 A.L.R. 1268.

Counsel for appellants insist that the insurance company is afforded an adequate remedy by defense in the action pending in

502

the state court because a judgment in the state court establishing fraud in the procurement of the policy would be res judicata in any action by the appellants under the double indemnity provisions of the policy. They rely upon Melvin v. Hoffman, 290 Mo. 464, 492, 235 S.W. 107; Henderson v. United States Radiator Corporation, 10 Cir., 78 F.2d 674, and Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355. The rule, in brief, of these cases is that a fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies. See, also, Baumhoff v. St. Louis & K. R. Co., 205 Mo. 248, 104 S.W. 5, 9, 10, 120 Am.St.Rep. 745; Womach v. City of St. Joseph, 201 Mo. 467, 100 S.W. 443, 446, 10 L.R.A.,N.S., 140. The defect in this argument is that in a future suit on the policy the parties may not include the plaintiffs in the suit now pending in the state court. The insured may be killed in an accident covered by the double indemnity provisions of the contract. In the meantime he may change the beneficiaries entirely or Katherine L. Terry may predecease the insured. In either case the beneficiaries entitled to sue for recovery will be parties other than the parties to the action now pending in the state court. It is not claimed that such new or contingent beneficiaries are privies to the plaintiffs in the law action pending.

A further doubt arises out of an applicable Missouri statute as to whether a judgment in favor of the insurance company in the action pending in the state court would necessarily bar future claims of the insured or of the contingent beneficiaries based upon either the disability or double indemnity provisions of the policy. Section 5732, R.S.Mo.1929, Mo.St.Ann. § 5732, p. 4373, provides: "No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury."

This section of the statute has been frequently construed by the courts of Missouri. Schuermann v. Union Central Life Ins. Co., supra; State ex rel. John Hancock

Mut. Life Ins. Co., v. Allen, supra, and cases cited therein. It seems to be directly applicable to the facts upon which the insurer seeks to establish fraud in the instant case. Assuming that a judgment in the law action now pending should establish the fact that the insured obtained the policy by means of fraudulent representations in the application, that fact in subsequent suit upon the policy by the insured or one or more of the contingent beneficiaries will be immaterial unless a jury also finds that the matter misrepresented actually contributed to the contingency or event on which the policy becomes payable. Under these circumstances it can not be said that the insurer's remedy is complete and adequate in the pending law action.

The court did not err in overruling the motion to dismiss the bill on the ground that the plaintiff had an adequate remedy in the law action pending in the state court.

Second. Did the incontestability clause of the policy, more than two years after the date of its issue having expired before the commencement of this suit, preclude the insurance company from contesting on the ground of fraud its liability for disability and double indemnity benefits?

The obligation of the insurance company to pay the life insurance upon due proof of the death of the insured is not involved. The issue is whether the incontestability clause, when properly construed, bars a contest by the company of the obligation to pay disability and double indemnity benefits. The appellants contend that the clause is ambiguous and must be construed strictly against the insurer. The appellee denies that the clause is ambiguous and maintains that the obligation to pay disability and double indemnity benefits is plainly included within the exception.

The application was taken and the policy in suit issued to the insured in the State of Missouri. The law of that state should therefore determine the proper construction of its terms. Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290. Both parties, however, agree that they have been unable to find a single case in which either the Supreme Court of Missouri or any of the appellate courts of that state have had this issue before them for decision; and we have found no Missouri case in which the question now presented was considered. In this situation we are forced to analyze for ourselves the provisions of the policy. Driscoll v. Edison

Light & Power Co., 59 S.Ct. 715, 83 L.Ed. —, decided April 17, 1939; New York Life Ins. Co. v. Jackson, 7 Cir., 98 F.2d 950, 952.

The construction to be placed upon this same incontestability clause has come before a number of courts for interpretation. The policies under consideration were issued by the appellee and appear to have been identical with or very similar to the policy here involved. The following decisions may be cited as sustaining the appellants' contention that the clause is ambiguous and that it should be construed in favor of the insured. New York Life Ins. Co. v. Kaufman, 9 Cir., 78 F.2d 398, certiorari denied, 296 U.S. 626, 56 S.Ct. 149, 80 L.Ed. 445; Malloy v. New York Life Insurance Co., 1 Cir., 103 F.2d 439, 445; New York Life Ins. Co. v. Yerys, 4 Cir., 80 F.2d 264; Thompson v. New York Life Ins. Co., D.C.Okl., 9 F.Supp. 248; Coodley v. New York Life Ins. Co., 9 Cal.2d 269, 70 P.2d 602; New York Life Ins. Co. v. Thomas, 27 Pa.Dist. & Co.R. 215. And similar clauses were held ambiguous in Strochmann v. Mutual Life Co., 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732; Horwitz v. New York Life Ins. Co., 9 Cir., 80 F.2d 295; Kiriakides v. Equitable Life Assur. Soc., 174 S.C. 140, 177 S.E. 40; Wilson v. Equitable Life Ins. Co., 220 Iowa 321, 262 N.W. 525; Penn Mut. Life Ins. Co. v. Kelley, 88 N.H. 351, 189 A. 345; and compare Ness v. Mutual Life Ins. Co., 4 Cir., 70 F.2d 59; Mutual Life Ins. Co. of New York v. Markowitz, 9 Cir., 78 F.2d 396; Mutual Life Ins. Co. v. Margolis, 11 Cal. App.2d 382, 53 P.2d 1017.

Decisions sustaining the converse of this proposition and holding that the clause involved in the instant case is not ambiguous and clearly excepts from the bar of incontestability all defenses of whatever nature that the insurer may have to claims for disability or double indemnity benefits are: Ruhlin v. New York Life Ins. Co., 3 Cir., 93 F.2d 416, judgment vacated on other grounds in 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; New York Life Ins. Co. v. Davis, D.C.Pa., 5 F.Supp. 316; New York Life Ins. Co. v. Gresham, 170 Miss. 211, 154 So. 547, and see Guise v. New York Life Ins. Co., 127 Pa.Super. 127, 191 A. 626; Chambers v. New York Life Ins. Co., 148 Misc. 561, 265 N.Y.S. 217; Steinberg v. New York Life Ins. Co., 263 N.Y. 45, 188 N.E. 152, 90 A.L.R. 642. Similar or identical clauses were held not ambiguous in Pyramid Life Ins. Co. v. Selkirk, 5 Cir., 80 F.2d 553; Equitable Life Assur. Soc. v. Deem, 4 Cir., 91 F.2d 569; Connecticut General Life Ins. Co. v. McClellan, 6 Cir., 94 F.2d 445; Smith v. Equitable Life Assur. Soc. of United States, 169 Tenn. 477, 89 S.W.2d 165; and see Greber v. Equitable Life Assur. Soc. of U. S., 43 Ariz. 1, 28 P.2d 817; Millis v. Continental Life Ins. Co., 162 Wash. 555, 298 P. 739; Penn Mutual Life Ins. Co. v. Hartle, 165 Md. 120, 166 A. 614, 91 A.L.R. 1466; Mutual Life Ins. Co. v. McConnell, 20 Pa. Dist. & Co.R. 250; Connecticut General Life Ins. Co. v. Brandstein, 233 App.Div. 723, 249 N.Y.S. 1018; Guardian Life Ins. Co. v. Katz, 243 App.Div. 11, 275 N.Y.S. 743.

Such an array of conflicting opinions by able courts makes it difficult to determine on which side the weight of authority tips the scales. The courts holding that the clause is ambiguous point to the form and arrangement of the provisions of the policy, and these features of the policy furnish respectable arguments to support their conclusions.

Upon the first page of the policy in the instant case it is provided that the company agrees to pay the beneficiary upon receipt of due proof of death of the insured $3500 or $7000 "if such death resulted from accident as defined under 'Double Indemnity' and subject to the provisions therein set forth. And upon receipt of due proof that the Insured is totally and presumably permanently disabled before age 60, as defined under 'Total and Permanent Disability,' the Company agrees To Pay To The Insured A Monthly Income of * * * Thirty-five * * * Dollars, * * * and to waive payment of premiums, as provided therein." The last clause of the first page provides that:

"The Benefits and Provisions printed or written by the Company on the following pages are a part of this contract as fully as if they were recited at length over the signatures hereto affixed." Then follow the signatures of the officers of the insurance company.

On the following pages are set out lengthy provisions and conditions under the headings, "Double Indemnity" and "Total and Permanent Disability." Among these provisions there is no mention of fraud or of fraudulent misrepresentations in the application.

On a succeeding page of the policy it is provided that "This policy shall be incontestable after two years from its date of issue * * * except as to *provisions and conditions relating to Disability and Double Indemnity Benefits.*" It is said that the italicized words may reasonably be construed to refer only to the provisions and conditions set out under the headings Disability and Double Indemnity Benefits on the pages following page one of the policy, and that the words "provisions and conditions" do not include the agreement to pay benefits printed on the first page. It is further pointed out that the company could easily have written the exception so that there could be no doubt of its meaning and application by saying "except as to liability for Disability and Double Indemnity Benefits," or some equivalent expression.

 While the opinions of the courts holding the view, based upon the foregoing brief outline of their reasoning, that the clause is ambiguous command great respect, we can not escape the conviction that they overlook and fail to consider the policy as a whole and to give to all the language used its apt and natural meaning. The rule that ambiguous clauses of an insurance policy are to be construed against the insurer can not be availed of to import into a contract a nonexistent ambiguity, to force unusual meanings from the language used, or to refine away terms expressed with sufficient clearness to convey the plain meaning of the parties. Guarantee Company of North America v. Mechanics' Savings Bank & Trust Co., 183 U.S. 402, 419, 22 S.Ct. 124, 46 L.Ed. 253; Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 30, 76 L.Ed. 416; Williams v. Union Central Life Ins. Co., 291 U.S. 170, 180, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693; McGlother v. Provident Mut. Acc. Co., 8 Cir., 89 F. 685, 689; Travelers Ins. Co. v. Spring-Field Fire & Marine Ins. Co., 8 Cir., 89 F.2d 757. Even though we might think that the meaning of the challenged words used by the insurer could have been better or more accurately expressed, that would constitute no justification for disregarding the plain import of appropriate language. Williams v. Union Central Life Ins. Co., supra, 291 U.S. page 180, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693.

 The word "provisions" when used in reference to a contract, and without limiting words includes all of the terms and provisions of the contract. That it is the clear meaning of the contract as a whole in this case that the policy should be so understood is shown by the last clause on page one, reading: "The benefits and provisions printed or written by the company on the following pages are *a part of this contract * * *.*" (Italics supplied.) This language binds together the agreement on the first page to pay benefits and the auxiliary and explanatory provisions on the following pages. All of the provisions of the policy relating to double indemnity and disability benefits on the first page and the pages of the policy following are parts of one complete contract, and must be read together. When thus read as a whole its meaning is plain and not ambiguous. So construed all the provisions of the policy, wherever they occur on any page of the policy, come within the exception of the incontestable clause.

 It is claimed that the decision of the Supreme Court in the Stroehmann case, supra, holding the incontestable clause in the Mutual Life Insurance policy to be ambiguous is binding in this case. We do not doubt that the district court and this court are bound by the decisions of the Supreme Court. But we do not think that the decision of the Stroehmann case is a binding precedent in this instance. This conclusion is not based upon any marked distinction between the meaning of sections 1 and 3 of the Mutual Life policy considered in the Stroehmann case and the provisions of the New York Life policy in the instant case under the headings Double Indemnity and Total and Permanent Disability. The controlling difference is in the language of the two incontestable clauses. The clause considered in the Stroehmann case provided [300 U.S. 435, 57 S.Ct. 609]: "* * * except for the restrictions and provisions applying to Double Indemnity and Disability Benefits as provided in Sections 1 and 3 respectively, this Policy shall be incontestable after one year from its date of issue * * *," whereas in the instant case the clause provides that the policy shall be incontestable after two years. "except as to provisions and conditions relating to Disability and Double Indemnity Benefits." In the first clause the language may reasonably be construed to be restrictive and limited in its application to sections 1 and 3 referred to, but in the second the language is clearly all inclusive embracing all the provisions and conditions set out in the policy. Because of this striking difference in the two policies the construction,

placed upon the Mutual Life Insurance policy in the Stroehmann case by the Supreme Court is not applicable to the proper construction of the New York Life policy in the instant case.

For the foregoing reasons, we are of the opinion that the lower court did not err in holding that this suit is not barred by the incontestable clause of the policy.

Affirmed.