## FEDERAL LIFE INS. CO. v. ETTMAN.

### No. 11942.

Circuit Court of Appeals, Eighth Circuit.

June 24, 1941.

Rehearing Denied July 28, 1941.

Wayne Ely, of St. Louis, Mo., for appellant.

J. L. London, of St. Louis, Mo. (Leahy, Walther & Hecker, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER and JOHNSEN, Circuit Judges, and COLLET, District Judge.

GARDNER, Circuit Judge.

Appellant was plaintiff below and brought this suit seeking a cancellation of an insurance contract issued by it to appellee in January, 1928, whereby it agreed to insure appellee and indemnify him in the sum of $300 monthly for each and every month during his lifetime that he suffered a total loss of business time as the result of accidental injury or sickness causing total disability and total loss of business time, subject to the conditions and provisions of said contract. The parties will be referred to as they appeared below.

It was alleged in the complaint that the contract of insurance referred to as a disability benefit policy was procured by false and fraudulent representations made by defendant in his application for the policy; that in his application, in answer to interrogatories therein contained, he falsely represented that he had never had and did not then have any disease of either eye; that he represented that he had not suffered from any defect in his eyesight and had not been treated by a physician or any other practitioner for any such defect or disease, whereas, in truth and in fact, at the time of making said application and for a long time prior thereto, he was and had been suffering from a degenerative disease of the eyes known as retinitis pigmentosa, for which he had been treated over a period of many years immediately preceding the date of his application; that his statements and representations as to the condition of his eyes were false and made by defendant for the purpose of deceiving the plaintiff and

inducing it to issue the insurance policy; and that the plaintiff, believing in the truth of his statements, and relying thereon, issued the said policy; that defendant had prior to the commencement of this suit paid $1,072.50 in premiums, which plaintiff tendered and offered to restore to defendant, on the refusal of which plaintiff deposited the same with the registry of the lower court; that on April 17, 1940, defendant notified plaintiff that he was suffering from retinitis pigmentosa and had lost his eyesight as a result thereof; that thereafter, on June 5, 1940, plaintiff received information that defendant was a sufferer from retinitis pigmentosa at and prior to the time of his application for the insurance policy and had been suffering therefrom for a long time; that thereupon it made investigation which confirmed its previous information, and that on July 11, 1940, it first had positive knowledge that defendant was a sufferer from retinitis pigmentosa at and prior to the execution of his application for insurance. It was alleged that, "there is no adequate remedy at law, and that unless equitable relief is granted as herein prayed for, plaintiff will suffer great and irreparable loss and damage." There was attached to the complaint copy of the policy, together with copy of the application, which by reference were made a part of the complaint.

This suit was filed July 13, 1940, after offer of restitution of premiums paid and a demand for return and cancellation of the policy had been declined, and after defendant had suffered the loss of the sight of both eyes.

On July 24, 1940, defendant brought an action at law in the state court based upon said policy, claiming compensation disability benefits. This action was removed to the court below where it is now pending.

The defendant filed motion to dismiss plaintiff's suit on the grounds: (1) that its complaint showed on its face that it had an adequate remedy at law; (2) that the contingency upon which the policy in question became payable occurred prior to the filing of plaintiff's suit; (3) that if it has a defense it could assert the same at law; and (4) that there was pending an action brought by Lester Ettman as plaintiff against Federal Life Insurance Company as defendant, and that all the issues between the parties could be decided therein. Defendant's motion to dismiss was sus-

tained, and no application to amend the complaint having been made, the cause was dismissed. At the hearing of the motion to dismiss there was proof that action had been brought by defendant against the plaintiff to recover on the policy and that this action was commenced eleven days after the present suit was filed by plaintiff to cancel the policy.

Plaintiff, in seeking reversal of the judgment appealed from, contends: (1) that it does not have an adequate remedy at law; (2) that it was entitled to trial of the issues raised by its complaint, and it was error to dismiss the suit without hearing on its merits; (3) that it was error for the court to enter judgment of dismissal without making findings of fact.

■ The policy provides that the loss of sight of both eyes shall constitute total and permanent disability within the meaning of the policy. Defendant had lost the sight of both eyes prior to the commencement of this suit to cancel the policy. The judgment appealed from was based entirely upon questions of law. The motion to dismiss conceded the truth of all well-pleaded facts, but did not concede the truth or accuracy of the legal conclusions pleaded. There was no evidence introduced going to the merits of the case, and hence, no facts to be found by the court. There was therefore no occasion to enter findings of fact and conclusions of law as provided by Rule 52, Rules of Civil Procedure. The motion to dismiss served the function of a demurrer under the prior practice.

■ It appears from the undisputed facts that the defendant had lost the sight of both eyes prior to the commencement of this suit. We think it is not material that an action had not been brought by defendant to recover on this policy until after the present suit was filed. The fact remains that the contingency upon which the plaintiff became liable on the policy had occurred and defendant was asserting a liability against the plaintiff based upon the policy. The question which we have to decide is not whether the plaintiff has stated in its complaint a good defense to the policy, but whether it can now invoke the equitable jurisdiction of the court, and this in turn is dependent upon whether it has an adequate remedy at law. It is the generally accepted rule that equity will not entertain jurisdiction of a suit for cancellation of a policy of insurance for fraud or misrepresentation in its procurement after the contingency or event upon which the policy has become payable has occurred. In such circumstances, the insurance company ordinarily has an adequate remedy at law in the right to defend on the ground of fraud and misrepresentation in any action instituted on the policy. The defendant is the sole beneficiary. At the time of the institution of this suit in equity, he had not only suffered total disability as defined by the policy, but he was threatening and has since brought an action to recover which is pending in the lower court. There is no danger that the plaintiff may lose its defense by the expiration of a period named in the policy, after which it shall become incontestable, because the policy contains no such clause. Defendant has the opportunity in the action at law to contest its liability. The defense of fraud and misrepresentation being available as a defense to the action at law, the bill in equity can not be entertained to cancel the policy. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444; Atlas Life Ins. Co. v. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987; New York Life Ins. Co. v. Miller, 8 Cir., 73 F.2d 350, 97 A.L.R. 562; Terry v. New York Life Ins. Co., 8 Cir., 104 F.2d 498; Pacific Mutual Life Ins. Co. v. Parker, 4 Cir., 71 F.2d 872; State ex rel. Life Ins. Co. v. Allen, 306 Mo. 197, 267 S.W. 832; Wollums v. Mutual Benefit Health & Accident Ass'n, 226 Mo.App. 647, 46 S.W.2d 259; Aetna Life Ins. Co. v. Daniel, 328 Mo. 876, 42 S.W.2d 584.

It is claimed that plaintiff's complaint presented special circumstances justifying the exercise of equitable jurisdiction because it is said the rights of the parties are not fixed by defendant's present disability. Plaintiff relies strongly upon the decision of this court in Terry v. New York Life Insurance Co., supra. In that case it was pointed out that the rights of none of the beneficiaries named were vested rights except as to one of them, whose rights had accrued, although they were not unalterable. It is said [104 F.2d 501]: "In the event the insured recovers from his present disability her rights cease; and in case the insured should be totally disabled again

**840**

for some reason other than insanity he will be entitled to the payments."

It is further said, in answer to the argument that a judgment establishing fraud in the procurement of the policy would be res judicata in any action by the beneficiaries under the indemnity provisions of the policy: "The defect in this argument is that in a future suit on the policy the parties may not include the plaintiffs in the suit now pending in the state court. The insured may be killed in an accident covered by the double indemnity provisions of the contract. In the meantime he may change the beneficiaries entirely· or Katherine L. Terry may predecease the insured. In either case the beneficiaries entitled to sue for recovery will be parties other than the parties to the action now pending in the state court. It is not claimed that such new or contingent beneficiaries are privies to the plaintiffs in the law action pending."

Here, however, the contingency has happened which definitely and permanently fixes the liability of the insurance company. The policy covered only a monthly indemnity in the maximum amount of $300 per month. The liability for this indemnity had already occurred prior to the commencement of the suit in equity, and that liability could not be increased by any subsequent contingency.. The policy provides that: "The Monthly Indemnity of this Policy is $300.00. If the Insured shall suffer the Loss of Both Hands or of Both Feet or of One Hand and One Foot or of the Sight of Both Eyes as a result of accidental injury or sickness, such loss shall be deemed to cause thereafter a permanent loss of all of his business time and the Company will pay said monthly indemnity as long as he shall live."

Under these circumstances, the obligation to pay became fixed and absolute. Thereafter, the monthly indemnity became legal demands. To these legal demands the plaintiff may plead the defense of fraud and misrepresentation, and if that issue should be sustained, the judgment establishing fraud in the procurement of the policy would be res judicata which can be availed of as to all subsequent claims for indemnity.

The judgment appealed from is therefore affirmed.